**Ruth BRIDGES et al., Appellants,**

**v.**

**FIRST NATIONAL BANK IN DALLAS, Independent Executor of the Estate of Vernice W. Reppert, Deceased, et al., Appellees.**

**No. 17085.**

Court of Civil Appeals of Texas.

Dallas.

July 5, 1968.

Rehearing Denied July 26, 1968.

C. C. Divine, Houston, for Ruth Bridges.

Richard Geiger, Dallas, for Edwin L. Davis.

Ralph W. Currie, Dallas and Robert D. Showalter, Denver, Colo., for James E. Wallace.

Earl Luna, J. Kyle DuVall, of Jackson, Walker, Winstead, Cantwell & Miller, Dallas, for appellees.

DIXON, Chief Justice.

This case calls for the judicial construction of a will.

On June 17, 1965 Mrs. Vernice W. Reppert, an elderly widow, died leaving a holographic will with several holographic codicils, only three of which are involved in this controversy.

The will, dated May 22, 1956, named numerous beneficiaries in disposing of an estate of an estimated value of $600,000. In the only part which need concern us here Mrs. Reppert made certain devises for the benefit of Shon Hong, a faithful servant who had grown old in the employ of Mrs. Reppert.

## MRS. REPPERT'S WILL AND CODICILS.

The 1956 will included provisions among others, as follows:

"I will, devise and bequeath for the life of Shon Hong 200 (Two hundred) Common Shares of The Texas Company and 500 Common Shares (Five Hundred) of Trinity Universal Insurance Company, and my oil station, corner Hampton & Clarendon, and my property Corner Tyler & W. Davis, and my home, 208 E. Twelfth St., and contents thereof (except bequests made in preceding paragraph) to Porter Lindsley, J. W. Lindsley and Joe E. Lindsley joint Trustees for the use and benefit of Shon Hong, * * *. During the term of this Trust, the Trustees or Trustee shall pay from time to time to the said Shon Hong the net income from said Trust properties.

"Said Trust shall on the death of Shon Hong vest in fee simple in Ethel Roberts, Helen Wyatt and Grace Wallace, or to the descendants per stirpes of any one of them who may be deceased. * * *

"I hereby constitute the First National Bank in Dallas sole executor of this, my last Will and Testament, and direct that it use its judgment as to the best time to convert my estate into cash. * * *"

A codicil dated July 31, 1961 is as follows:

"Codicil.

If, in the opinion of Shon Hong, or of Porter Lindsley, J. W. Lindsley, Jr. or Joe Lindsley, Trustees of my properties at 208 E. 12th, Hampton & Clarendon and Davis & Tyler, it is deemed desirable for the comfort and pleasure of Shon Hong, said Trustees are directed to sell any or all of above named properties and give the proceeds to Shon Hong to spend as he desires, or as the Trustees deem necessary should he be incapacitated.

Vernice W. Reppert

Dallas, Texas
July 31, 1961"

A codicil dated July 8, 1963 is as follows:

"Codicil

Alma D. Plaeger on Page 1 is given 200 shares of Texas Company. This is to cancel that part of my Will, as I am willing *all* my Texas Co stock to J. W. Lindsley & Co. for the benefit of Shon Hong.

Vernice W. Reppert

Dallas, July 8, 1963"

A codicil also dated July 8, 1963 is as follows:

"Codicil

I give to J. W. Lindsley & Co., Porter Lindsley, J. W. Lindsley & Joe E. Lindsley for the benefit of Shon Hong *all* of my Texas Company, Standard Oil Co. of California and Trinity Universal Insurance Co. of which I may die possessed, and authorize to sell any portion or all of these stocks for the benefit of Shon Hong if he requests or if it is deemed necessary.

Vernice W. Reppert

Dallas, July 8–1963"

After the death of Vernice Reppert First National Bank qualified as Independent Executor and J. W. Lindsley & Co., et al qualified as Trustees.

On January 8, 1966 Shon Hong filed suit No. 66–192–H styled Shon Hong v. J. W. Lindsley et al, Trustees. He alleged that the Trustees had refused to comply with his request to sell the real property as provided in the codicil of July 31, 1961. He asked the court to direct the Trustees to sell the said real property and turn the proceeds over to him "so that he may *use*

said monies for his comfort and pleasure." (Emphasis ours.) In this suit no mention was made of the codicils of July 8, 1963, or of the sale of said corporation stocks. He employed the firm of Shaw and Davis, Attorneys, and by written assignment conveyed a one-fourth interest in designated real and personal property to the attorneys for their services.

On April 18, 1966 while his suit was pending Shon Hong died. He left a will disposing of his estate.

## WILL OF SHON HONG.

In his will dated March 21, 1966 Shon Hong, after leaving each of three named relatives $1.00 cash, left all the rest and residue of his property to Mrs. Ruth Bridges, who, according to a recitation in the will, had nursed and cared for him during the last years of his life. Shon Hong's will .specifically designated the real property described in the codicil of July 31, 1961, and bequeathed said real property to Ruth Bridges "to have and to hold forever in fee simple." Edwin L. Davis was named Independent Executor with powers both of an independent executor and as a trustee under the laws of the State of Texas.

## PENDING LITIGATION AND LITIGANTS.

On April 29, 1966 First National Bank and the Trustees filed an interpleader suit, being Cause No. 66–3795–B styled First National Bank et al v. James E. Wallace et al, naming more than 25 defendants including the unknown heirs of Vernice W. Reppert and the unknown heirs of Shon Hong. In an amended plea the Bank and the Trustees asked the court (1) to construe the will and codicils of Vernice W. Reppert; (2) to determine the parties who are entitled to receive the properties in controversy; (3) to require certified checks in the amount of inheritance taxes on any property received or to be received by the parties; and (4) to discharge the Bank

and the Trustees and award them reasonable attorney's fees and court costs.

Edwin L. Davis, named as Independent Executor in Shon Hong's will, did not immediately qualify due to a pending contest of Shon Hong's will. Meantime Texas Bank & Trust Company was appointed and had qualified as Temporary Administrator of the Estate of Shon Hong.

On April 21, 1967 the two pending suits were consolidated as Cause No. 66–3795–B styled First National Bank, Independent Executor et al v. Texas Bank & Trust Company, Temporary Administrator et al.

In the trial of the consolidated case twenty special issues were answered by a jury. The substance of the jury verdict is as follows: (1) Shon Hong made requests that the Trustees sell the real estate and the stocks described in the codicils of July 31, 1961 and July 8, 1963, respectively, which requests were refused, even after Shon Hong had filed suit, though the Bank had distributed the real properties to the Trustees, all of which refusals were negligence; (2) the damage suffered by Shon Hong's estate due to said negligence was "None"; (3) Shon Hong was not under the undue influence of Ruth Bridges and he was not lacking in mental capacity when he filed suit against the Trustees on January 8, 1966; or when he executed the assignment of a one-fourth interest to Shaw and Davis on January 7, 1966; or when he "formed the opinion" referred to in the codicil of July 31, 1961; (4) he was *not incapacitated as referred to in the cod-icil of July 31, 1961* when through his attorney he sent a written demand to the Trustees to sell the properties and was not so incapacitated when he filed suit against the Trustees.

On September 21, 1967 the court signed a final judgment. The substance of the provisions of the judgment material to this controversy are as follows:

1. Under the terms of the codicil dated July 31, 1961 and based on jury findings, the power of appointment granted to Shon

Hong in the testamentary trust was legally exercised, and fee simple title thereafter vested in him to the extent of an undivided three-fourths interest and to Shaw and Davis an undivided one-fourth interest in the three tracts of real property referred to in the codicil.

2. Under the terms of the will dated May 22, 1956 and the codicils thereto a trust was established for the use and benefit of Shon Hong, with remainder after his death to Ethel Roberts, Helen Wyatt and Grace Wallace. The corpus of said trust consists of 704 shares of Standard Oil Company of California, 893 shares of Texaco, Inc., and 600 shares of Trinity Universal Insurance Company.

3. The heirs at law of Vernice W. Reppert are James E. Wallace, a nephew, Helen Wyatt, a niece, and William Wallace, the only child of a predeceased nephew, Charles Wallace. Phillip L. Reppert, a one-nineteenth residuary legatt, predeceased Vernice W. Reppert, and under the laws of descent and distribution, said bequest passed to and vested in said heirs at law in equal shares.

4. The Executor and Trustees were directed to pay costs to the District Clerk, attorney's fee to J. Kyle Duvall, attorney for First National Bank, attorney's fee to Earl Luna, attorney for J. W. Lindsley et al, Trustees, attorney's fee to J. Cleo Thompson, attorney *ad litem* for unknown heirs of Vernice W. Reppert, and attorney's fee to E. Taylor Armstrong, attorney *ad litem* for the unknown heirs of Shon Hong. The above items are to be paid from rents, dividends and income from certain properties, and should said funds be insufficient, the insufficiency is to be taxed against named persons in proportions designated.

5. Interpleaders are directed to deliver to Ethel Roberts, Helen Wyatt and Grace Wallace the shares of stock above named, in equal share, fee title thereto being vested in said beneficiaries.

6. Awards of real estate, except as to costs, inheritance taxes, etc., shall operate as adjudications of title, and the parties to whom the parcels are awarded shall be hereafter entitled to enter, take and hold possession thereof.

7. First National Bank is given power to sell if necessary shares of stock in order to pay taxes, expenses, etc. and thereafter make distribution of the property as ordered.

8. Since Texas Bank & Trust Company is the duly appointed Temporary Administrator of the Estate of Shon Hong, Deceased, the three-fourths interest in the properties above referred to as vesting in Shon Hong should be delivered to said Temporary Administrator.

## APPEAL OF RUTH BRIDGES.

In her first point on appeal Ruth Bridges says that the court erred in awarding judgment for Shaw and Davis of one-fourth interest in the estate of Shon Hong. We have concluded that Ruth Bridges is not in position to urge this point.

The record discloses that in an amended answer appellant Bridges recognized the interest of Shaw and Davis. In a supplemental pleading she affirmatively alleged the interest and adopted all pleadings filed by Shaw and Davis. The written assignment of one-fourth interest was received in evidence without objection. At the time the assignment was offered in evidence the trial court inquired if there were any objections and counsel for appellant Bridges replied, "Ruth Bridges has no objection." Then when judgment was rendered on September 21, 1967 counsel for Ruth Bridges stated to the trial court: "I have to say unto the Court that I was willing and agreeable to honoring this 25 per cent contract * * *. I still have no objections to honoring this 25 per cent contract * * *." The first point of Ruth Bridges is overruled. Yelverton v. Brown, 412 S.W.2d 325, 328 (Tex.Civ. App., Tyler 1967, no writ) ; Safety Casual-

ty Co. v. Wright, 138 Tex. 492, 160 S.W.2d 238 (1942).

In her second and third points Ruth Bridges asserts that the court erred (1) in awarding judgment for Helen Wyatt et al (residuary legatees) of specific personal property from the estate of Vernice W. Reppert; and (2) in awarding title to certain personal property to the heirs of Vernice W. Reppert contrary to the terms of the will of Vernice W. Reppert.

The gist of the argument of Ruth Bridges under the above points is that (1) Mrs. Reppert by the codicils intended to revoke the residuary clause of May 22, 1956; (2) she intended to bequeath to Shon Hong all the personal property in controversy, (3) by conveying full ownership and title of said personal property to him; and (4) the will and codicils contain an expressed general power of appointment. We find ourselves unable to agree with appellant Bridges.

In construing Vernice W. Reppert's will and codicils we are to be guided by the intention of Mrs. Reppert. In the absence of ambiguity her intention must be determined by the language used in the will and the codicils construed together as one instrument. Roberts v. Drake, 380 S. W.2d 657 (Tex.Civ.App., Dallas 1964, writ ref'd n.r.e.); Huffman v. Huffman, 161 Tex. 267, 339 S.W.2d 885 (1960); Aven v. Green, 159 Tex. 361, 320 S.W.2d 660 (1959); Republic Nat. Bank of Dallas v. Fredericks, 155 Tex. 79, 283 S.W.2d 39 (1955); Guilliams v. Koonsman, 154 Tex. 401, 279 S.W.2d 579, 57 A.L.R.2d 97 (1955); Stephens v. Dennis, 72 S.W.2d 630, 633 (Tex.Civ.App., Eastland 1934, writ ref'd).

We do not agree with appellant Bridges that the testamentary documents before us granted to Shon Hong a general power of appointment. Even a full power of disposition as a matter of law, would not raise a life estate to a fee. In Edds v. Mitchell, 143 Tex. 307, 184 S.W.2d 823,

825, 826, 158 A.L.R. 470 (1945), our Supreme Court said:

"* * * Important also is the rule established by the decisions in this state and in the great majority of the other states that the added *full power of disposition* given to the life tenant, like that given in Item Four of the will, *does not raise the life estate to a fee.* * * *

"* * * *Practically considered, the proceeds of sales made by the life tenant are a part of what passed under the will,* taking the place in changed form of the property sold, *and if they remain in the life tenant's possession until the time of his death they should pass to the remainderman as the property itself would have passed had it not been sold.* If it were held that the exercise of the power of sale by the life tenant operated to divest the remainderman of all title or right to the proceeds of the sale, then the life tenant, merely by selling the property in which he has a life estate, thus changing the form of what came from the testator, could in effect enlarge his estate into a fee, cut off the remainderman, and defeat the testator's intention." (Emphasis ours.)

See also Messer v. Johnson, 422 S.W.2d 908, 912 (Tex.Sup.1968); Commercial Bank, Uninc. of Mason v. Satterwhite, 413 S.W.2d 905, 909 (Tex.Sup.1967); Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1 (1946); 28 Am.Jur.2d 182.

However, we do not agree that the codicils grant a full power of disposition. When a life tenant is granted a power of sale such power is more restricted than a general power of disposition; and certainly does not include a right to make a gift. Messer v. Johnson, 422 S.W.2d 908, 912 (Tex.Sup.1968); Commercial Bank, Uninc. of Mason v. Satterwhite, 413 S.W.2d 905, 909 (Tex.Sup.1967); Nye v. Bradford, 144 Tex. 618, 193 S.W.2d 165, 169 A.L.R. 1 (1946). In the instant case Shon Hong did not himself have possession of the property in controversy and was not

himself granted the right to sell it. What he was granted was the right to cause the property held by the Trustees to be sold by the Trustees for his benefit. Since a life estate terminates upon the death of the life tenant, the life tenant cannot dispose of the estate by will. Murphy v. Slaton, 154 Tex. 35, 273 S.W.2d 588, 595–596 (1955). The above cited case involved personalty as well as real property. See also 5 Page on Wills, Sections 45.8, p. 515, and 45.11, p. 526, Bowe-Parker Revision.

■ It is true that life estates in personalty are not favored. But they are not prohibited. It is a well established principle of law that life estates in personalty will be recognized and enforced if the intention of a testator to grant such life estate can be ascertained from the language used in the will. Bergin v. Bergin, 159 Tex. 83, 315 S.W.2d 943, 947 (1958); Benson v. Greenville Nat. Exchange Bank, 253 S.W.2d 918, 923 (Tex.Civ.App., Texarkana 1953, writ ref'd n.r.e.).

In this case it is certain that Mrs. Reppert in her will of 1956 intended to create a life estate for Shon Hong in 200 shares of Texas Company stock and 500 shares of Trinity Universal Insurance Company stock and in the described real property, with remainder to go in fee simple to Ethel Roberts, Helen Wyatt and Grace Wallace upon the death of Shon Hong. The provisions in the will (quoted earlier in this opinion) say so in plain, unambiguous language.

Did Mrs. Reppert by her two codicils of July 8, 1963 amend the original provisions in the will so as to give Shon Hong fee title to the corporation stock? As we see it the question must be answered in the negative.

The codicils conveyed all of the named stocks to the Trustees with authority *to sell* the named stocks *"for the benefit"* of Shon Hong upon his request, or "if it is deemed necessary." We think that the reference to Shon Hong's *benefit* in the codicils together with other language used indicate the intention of Mrs. Reppert to continue the life estate provision of the original will. Medlin v. Medlin, 203 S.W.2d 635, 639 (Tex.Civ.App., Amarillo 1947, writ ref'd); Brown v. Wood, 239 S.W.2d 195, 201 (Tex.Civ.App., Dallas 1951, writ ref'd). Mrs. Reppert was herself a licensed attorney at law. If she had intended to vest Shon Hong with fee title to the property she could easily have used language necessary to carry out such intention. As we construe her will and its codicils it was her intention, as shown by the language she used, to enlarge the corpus of the life estate and to authorize the invasion of the corpus by the Trustees for the benefit of Shon Hong if requested by Shon Hong, or if deemed necessary by the Trustees.

■ We see no irreconcilable conflict in the provisions of the original will and the two codicils of July 8, 1963 as we have construed them. Appellant Bridges seeks to invoke the rule that where there is a conflict in the provisions of a will, the last clause in the will controls. That rule is not applicable here, for it applies only when it clearly appears that the clauses conflict and cannot be reconciled. Dougherty v. Humphrey, 424 S.W.2d 617, 620 (Tex.Sup.1968).

■ Appellant Bridges' second and third points are overruled.

Appellant Bridges' fourth point is as follows: "The Honorable Trial Court erred in ordering costs be paid from sums collected from rentals, etc., from real property."

■ As we shall point out later in this opinion, we have concluded that the court erred in awarding fee title to the real estate to the estate of Shon Hong. Therefore Ruth Bridges, named as beneficiary under Shon Hong's will, does not take fee title to the real property. Consequently she is not in position to complain if the rents and revenues from said real property,

following the death of Shon Hong, are taxed with part of the costs. Appellant Bridges' fourth point is overruled.

By the above holding we are not saying that appellant Bridges is not liable for her share of court costs. Both in her role as appellant and in her role as appellee she has been unsuccessful in this appeal. Court costs will be allocated later.

## APPEAL OF EDWIN L. DAVIS, INDEPENDENT EXECUTOR OF ESTATE OF SHON HONG.

After final judgment was rendered on September 21, 1967 the contest of the will of Shon Hong was withdrawn. Thereupon Edwin L. Davis qualified as Independent Executor of the Estate of Shon Hong. On this appeal Davis, as Independent Executor, was substituted for Texas Bank & Trust Company, who had been appointed Temporary Administrator during the pendency of the contest of Shon Hong's will.

Pursuant to Rule 353(b), Vernon's Texas Rules of Civil Procedure, Texas Bank & Trust Company, Temporary Administrator (before the Independent Executor had qualified), gave notice of a limited appeal. It stated that it would limit its appeal to that part of the judgment awarding certain shares of corporation stock to Grace Wallace, Ethel Roberts and Helen Wyatt.

Both the former Temporary Administrator and the Independent Executor have filed briefs, though the former Temporary Administrator is no longer a party to this appeal.

In his first three points of error Edwin L. Davis, Independent Executor of the Estate of Shon Hong, in his role as an appellant, asserts that the trial court erred in failing to award fee title to all of the impleaded stocks and accrued dividends to the Shon Hong estate.

The position of the Independent Executor as to these points is substantially the same as that of Ruth Bridges in her role as appellant. For the same reasons we gave for overruling the second and third points of Ruth Bridges, we now overrule the first three points of the Independent Executor. We shall not further lengthen this opinion by repeating our reasons or citations of authorities.

In his fourth and fifth points the Independent Executor says the court erred in awarding a fee to J. W. Lindsley & Co. et al as Trustees and in awarding an attorney's fee to the attorney for the Trustees; and in ordering same paid from the interpleaded fund.

██ The fourth and fifth points are not within the scope of the limited appeal taken by Texas Bank & Trust Company, Temporary Administrator. The Independent Executor as successor to the Temporary Administrator stands in the shoes of the latter. We cannot consider the fourth and fifth points briefed by the Independent Executor.

## APPEAL OF JAMES E. WALLACE, GUARDIAN, ET AL.

James E. Wallace, individually, and as guardian of Grace B. Wallace; and Grace Wallace, Ethel Roberts and Helen Wyatt, have appealed only from a part of the judgment. They challenge that part decreeing that under the codicil of July 31, 1961 (1) there was granted to Shon Hong a power of appointment under which he was authorized to vest fee simple title to the lands in himself or his estate and (2) during his lifetime he exercised such power within the terms of the grant.

The above named appellants have briefed eight points of error: the court erred (1) in not holding that under the will and codicils of Vernice W. Reppert all right, title and interest of Shon Hong in the lands involved, plus the personal property thereon located, as well as pending condemnation rights terminated on April 18, 1966, when Shon Hong died; and in not holding that thereupon full beneficial ownership of such properties vested in fee simple in Grace Wallace, Helen Wyatt and Ethel Roberts,

share and share alike; (2) in not sustaining appellants' motion for instructed verdict; (3) in holding that under the terms of the codicil dated July 31, 1961 and the jury findings, there was granted to Shon Hong a power of appointment; (4) in holding that said power was legally exercised; (5) in holding that there was ever vested in Shon Hong fee simple title to said lands, etc.; (6) in (a) not sustaining objections to Special Issue No. 1, (b) in submitting said issue, and (c) in basing its judgment on the jury's answer to said issue; (7) in not holding that the said answer was immaterial; and (8) in not sustaining appellants' motion to disregard the jury's answer to Special Issue No. 1. We shall group the above points together for discussion.

There can be no question but that under the terms of the will of 1956 Shon Hong was given only a life estate in the net income of certain real and personal property placed in trust for Shon Hong; and that upon his death the trust property including the real property was to vest in fee simple in Ethel Roberts, Helen Wyatt and Grace Wallace.

The question before us is this: did Mrs. Reppert intend that the codicil of July 31, 1961 should have the effect of changing the above provision in the will of 1956 so as to give Shon Hong or his estate fee simple title to the real estate in question? In our opinion the testamentary instruments reveal that Mrs. Reppert did not so intend.

■ In our discussion of the second and third points of error presented by appellant Ruth Bridges we held that the estate of Shon Hong did not obtain fee title to certain personal property upon the death of Shon Hong. We gave our reasons and cited authorities. We think the same reasons and authorities support our holding here with reference to the real property in question. We shall not repeat our reasons or again cite the authorities.

However, we shall add that our holding finds support in other jurisdictions. In re Estate of Gramm, 420 Pa. 510, 218 A.2d 342 (1966) ("It would be 'a novel proposition that a life tenant can make herself owner in fee by asserting that she is such'."); Watkins v. Dean, 52 N.W.2d 498 (Iowa 1952); In re Holmes, 233 Wis. 274, 289 N.W. 638 (1940) (The right *to spend* money does not include the right to make a gift of it.); 96 C.J.S. Wills § 897, pp. 336–338; 28 Am.Jur.2d 182.

We sustain the points of error of James E. Wallace, Guardian, et al.

Because of our holdings as herein indicated we affirm that part of the trial court's judgment awarding to Ethel Roberts, Helen Wyatt and Grace Wallace, share and share alike, fee title to 704 shares of stock of Standard Oil Company of California; 893 shares of stock of Texaco, Inc.; and 600 shares of stock of Trinity Universal Insurance Company and the dividends thereunder since the death of Shon Hong.

We reverse that part of the judgment of the trial court awarding fee title to certain real estate to Shon Hong and his estate, and we here render judgment that upon the death of Shon Hong fee title to the three tracts of land named in the codicil of July 31, 1961 and more particularly described in the court's judgment, became vested in Ethel Roberts, Helen Wyatt and Grace Wallace equally, together with the personal property located thereon and the rights and proceeds of condemnation proceedings.

Court costs in Cause No. 66–192–H, styled Shon Hong v. Lindsley et al, Trustees, and in the consolidated Cause No. 66–3795–B styled First National Bank, Independent Executor v. Texas Bank & Trust Company, Temporary Administrator, will be taxed against Edwin L. Davis, as Independent Executor of the Estate of Shon Hong, and against Ruth Bridges, except that the attorneys' fees awarded in the court's judgment to J. Kyle DuVall, Earl

Luna, J. Cleo Thompson, and E. Taylor Armstrong shall be paid out of the rents, dividends and income of the interpleaded properties. In the event that there are insufficient funds from said rents, dividends and income to pay the foregoing attorneys' fees, then the deficiency, if any, shall be taxed and paid by the following persons in the proportions set forth opposite each of their names:

1. Helen Wyatt—one-third.

2. Grace Wallace—one-third.

3. Ethel Roberts—one-third.

### IN RE SHAW AND DAVIS.

The written contract between Shaw and Davis, Attorneys and Shon Hong conveyed to the attorneys "one-fourth (¼) of all monies now due me or that may hereafter become due me from the sale" of the shares of corporation stock, and "an undivided One-Fourth (¼) interest in all my rights, titles and interests which I now have or may have in the future in all of the following described realty together with any sums of money derived from the sale of any of such real property * * *."

We have affirmed that part of the judgment vesting ownership of the corporation stocks in Ethel Roberts, Helen Wyatt and Grace Wallace. We have reversed and rendered that part of the judgment vesting ownership of the real property in question in the estate of Shon Hong and have held that upon the death of Shon Hong fee title to said real property vested in the three parties above named. It necessarily follows that under the explicit terms of their written contract Shaw and Davis are not entitled to recover a one-fourth interest in either the personal property or the real property in controversy. We so hold.

The judgment of the trial court is affirmed in part and reversed and rendered in part.