**DALLAS/FORT WORTH AIRPORT BANK, Appellant,**

v.

**DALLAS BANK & TRUST COMPANY, Appellee.**

**No. 05–82–01276–CV.**

Court of Appeals of Texas, Dallas.

Jan. 13, 1984.

Jim K. Choate, Brice & Barron, Dallas, Robert M. Tharp, Robert H. Power & Assoc., Irving, for appellant.

William W. Wilson, Steven L. Page, Witts & Wilson, Dallas, for appellee.

Before AKIN, VANCE and ROWE, JJ.

ROWE, Justice.

This is a summary judgment case wherein Dallas Bank & Trust Company, as endorsee and holder in due course, sought

payment of a certificate of deposit purchased from Dallas/Fort Worth Airport Bank by William R. Wortley. Airport Bank claimed a right of set-off against the certificate of deposit to the extent of the purchase money debt owed to it by Wortley. Both banks moved for summary judgment based on affidavits with documentary exhibits attached, both movants conceding that no controlling fact issues were in dispute. The trial court denied Airport Bank's motion and granted summary judgment for Dallas Bank. We affirm.

The relevant undisputed facts are these: On September 19, 1980, Airport Bank made a loan to Wortley and issued a $250,000 certificate of deposit to him in exchange for his promissory note for a like amount. Contemporaneous with this transaction, Wortley, as debtor, executed a security agreement in favor of Airport Bank, as secured party. This security agreement expressly covered as collateral "the balance of every deposit account of debtor under control of secured party...." The certificate of deposit issued by Airport Bank recited that "William R. Wortley has deposited in this bank $250,000 payable to William R. Wortley or order 365 days after date on return of this certificate properly endorsed."

On November 13, 1980, Dallas Bank made a $250,000 loan to Wortley in exchange for his promissory note for a like amount. Contemporaneously with this transaction, Wortley, as debtor, executed a security agreement in favor of Dallas Bank, as secured party. This security agreement expressly granted to Dallas Bank a security interest in that $250,000 certificate of deposit issued to Wortley two months earlier by Airport Bank. The original certificate of deposit was endorsed in blank by Wortley and left in the possession of Dallas Bank. In response to a letter from Dallas Bank dated November 19, 1980, Airport Bank acknowledged on November 26, 1980, that Wortley had pledged the certificate of deposit to Dallas Bank as collateral for his debt to that bank.

Wortley defaulted on his loan to Dallas Bank and that bank on May 28, 1981, foreclosed on the certificate of deposit. After the certificate of deposit had matured on September 19, 1981, Dallas Bank presented it to Airport Bank for payment. Airport Bank declined payment, asserting that under its security agreement and under its legal right of offset it had set-off on September 4, 1981, all deposits held in the name of Wortley against his debts to that bank.

Airport Bank contends on appeal that the trial court erred in denying its summary judgment motion because as a matter of law: (1) from the inception of its loan it held a perfected security interest in all funds allocable to the certificate of deposit; and (2) its right of offset was superior to any claim by Dallas Bank to these funds. Airport Bank contends also that the trial court erred in granting summary judgment in favor of Dallas Bank because Airport Bank's security interest was prior in time to Dallas Bank's security interest. We overrule all these contentions because under the undisputed facts, prior to Airport Bank's offset, Dallas Bank had become the owner and holder in due course of the certificate of deposit, and thereby, to the extent of its loan, its rights to the funds allocable to the certificate of deposit became superior to those of Airport Bank.

■ Airport Bank argues in its first point of error that the evidence conclusively established that it acquired a perfected security interest in the funds allocable to the certificate of deposit rather than in the certificate of deposit itself. For this position, the bank relies upon the security agreement it took in accordance with TEX. BUS. & COM.CODE ANN. Chapter 9 (Vernon 1968 and Supp.1982–1983), which covered as collateral for its loan to Wortley: "The balance of every *deposit account* of debtor (Wortley) under control of secured party (Airport Bank)." We cannot agree, however, with Airport Bank's argument because, by definition, a "deposit account" under TEX.BUS. & COM.CODE ANN. section 9.105 (Vernon Supp.1982–1983), does

not include an account evidenced by a certificate of deposit:

> 9.105(a) In this chapter unless the context otherwise requires ... (5) "deposit account" means a demand, time, savings, passbook, or like account maintained with a bank, savings and loan association, credit union or like organization, *other than an account evidenced by a certificate of deposit....* (Emphasis supplied).

Because of the exclusion appearing in this definition, Airport Bank's security agreement failed to cover accounts allocable to the certificate of deposit. Thus, Airport Bank thereunder acquired no security interest in these funds. Its first point of error is overruled.

■■■ Airport Bank maintains in its third point of error that the evidence conclusively established that its right of offset against the funds allocable to the certificate of deposit were superior to the claims of Dallas Bank for payment of the certificate of deposit from such funds. Again, we must disagree. The certificate of deposit in question qualifies in all respects as a negotiable instrument under TEX.BUS. & COM.CODE ANN. section 3.104(a) (Vernon 1968). Further, a bank's certificate of deposit payable at a future date is not only a negotiable instrument, it is in effect the promissory note of the issuing bank. *Thompson v. Thompson,* 149 Tex. 632, 236 S.W.2d 779, 791 (1951). TEX.BUS. & COM. CODE ANN. section 3.104(b)(3) (Vernon 1968). The legal effect of a certificate of deposit in general is that of a promissory note rather than a mere receipt of funds. *Southview Corporation v. Kleburg First National Bank,* 512 S.W.2d 817, 820 (Tex. Civ.App.—Corpus Christi 1974, no writ). The obligation assumed by a bank which issues a negotiable certificate of deposit is to pay the funds represented by the instrument to the lawful holder of the certificate, whoever he may happen to be, and not necessarily to repay the amount deposited by the depositor. *Reese v. First National Bank of Bellville,* 196 S.W.2d 48 (Tex.Civ. App.—Galveston 1946, writ ref'd n.r.e.).

■■■ For reasons below discussed, the evidence is undisputed that, at the time Airport Bank undertook to offset, Dallas Bank was the owner and holder in due course of the certificate of deposit and Airport's obligation was to pay the funds to Dallas Bank and not to Wortley. Thus, Airport Bank had no right of off-set whatsoever against these funds. In order for one demand to be set off against another, both demands must mutually exist between the same parties. *Western Shoe Co. v. Amarillo National Bank,* 127 Tex. 369, 94 S.W.2d 125, 128 (Comm'n.App., opinion adopted by Supreme Court 1936). The demand which Airport Bank held against Wortley was not matched at the time of off-set by any demand Wortley had against the bank. There being no mutuality of demand between it and its debtor, Airport Bank's attempted set-off was ineffective. Its third point of error is overruled.

■■■ We overrule, also, Airport Bank's remaining point of error which contends that Dallas Bank as a matter of law was not entitled to summary judgment in its favor. Without dispute the certificate of deposit was an instrument in which a security interest could be perfected under Chapter 9. *Southview Corporation v. Kleberg First National Bank,* 512 S.W.2d 817, 820 (Tex.Civ.App.—Corpus Christi 1974, no writ). Under its security agreement, Dallas Bank did perfect a security interest in the certificate of deposit by taking possession of it after it had been endorsed in blank by the payee. TEX.BUS. & COM.CODE ANN. section 9.304(a) (Vernon Supp.1982–1983). Airport Bank acknowledged in writing that it knew of this pledge. Prior to Airport Bank's purported set-off, Dallas Bank lawfully foreclosed on the collateral, thus becoming the owner of the certificate of deposit and entitled to payment by Airport. *Reese.* For reasons above stated, Airport Bank then had no superior right in funds held by it allocable to the certificate of deposit. Alternatively, we note that Dallas Bank, as holder of the certificate of deposit when it was presented for payment, is presumed in the absence of

contrary evidence to be a holder in due course of that instrument. *Bryan v. Citizens National Bank in Abilene,* 628 S.W.2d 761, 763 (Tex.1982). As such it was entitled to the extent of its loan to enforce the certificate of deposit free of all claims of the issuing bank. TEX.BUS. & COM. CODE ANN. §§ 3.302, Comment 4 & 3.305(b) (Vernon 1968). Dallas Bank's motion for summary judgment based on its status both as owner and as holder in due course was properly granted.

Affirmed.