**In the Matter of the ESTATE OF Mary Elizabeth SRUBAR, Deceased.**

**No. 01–86–0685–CV.**

Court of Appeals of Texas,
Houston (1st Dist.).

April 2, 1987.

Robert D. Clements, Jr., Brown, Todd, Hagood & Davenport, Alvin, for appellant.

Kenneth C. Kaye, League City, for appellee.

Before EVANS, C.J., and SAM BASS and LEVY, JJ.

## OPINION

EVANS, Chief Justice.

This is a will construction case. Both sides filed motions for summary judgment, and the trial court granted each motion in part. Both sides appeal.

The testatrix, Mary Elizabeth Srubar, left a will devising a life estate in her house in Galveston to a friend, Christian Joswiak (the appellant), and the remainder interest and her residuary estate to her niece, Joyce Lynn Campbell (the appellee). The will named the appellant as independent executor, and the appellee as alternate independent executrix. By a codicil, the testatrix made the following special bequest:

> I give and bequeath all funds on deposit in my name at Bankers Savings & Loan Association in Galveston, Galveston County, Texas, and all monies on deposit in my checking account at U.S. National Bank in Galveston, Galveston County, Texas, to my beloved friend, Christian Joswiak, to be used for the maintenance, repair and upkeep of the premises located at 5719 Avenue R, Galveston, Galveston County, Texas, and to pay the taxes and insurance thereon.

After the testatrix's death, the will and codicil were admitted to probate as the testatrix's last will and testament. After motion and hearing, the court then found that the appellant should be removed as executor, and it appointed an administrator with will annexed in his stead. The appellant does not challenge those rulings on this appeal.

The issues raised by the parties' motions for summary judgments are:

(1) whether, as appellant contends, the will and codicil vested in him a fee simple conditional estate in the "funds on deposit" described in the codicil; and

(2) whether, as appellee contends, the term "funds on deposit," as used in the codicil, excludes certificates of deposit belonging to the decedent's estate.

The trial court concluded, as a matter of law, that the will and codicil created a trust for the benefit of the life tenant with respect to the funds on deposit, and the court appointed the administrator with will annexed to administer that trust. The court rejected the appellee's contention that the term "funds on deposit" did not include certificates of deposit, and ruled, as a matter of law, that certificates of deposit held by the specified institutions did constitute part of the trust res. On this appeal, both sides complain of these rulings insofar as they are adverse to their respective contentions.

The parties agree that the terms of the will and codicil are unambiguous, and we therefore determine the testatrix's intent, as a matter of law, based on the language used in the will and codicils construed together as one instrument. *Bridges v. First Nat'l Bank*, 430 S.W.2d 376, 381 (Tex.Civ. App.—Dallas 1968, writ ref'd n.r.e.).

The parties also agree that the testatrix's will vests the appellant with a life estate and the appellee with the remainder interest in the Galveston County property, and that the "funds on deposit" may be used only for the "maintenance, repair and upkeep" and payment of taxes and insurance on that property. The appellant also stipulated, in oral argument, that the bequest of

such funds created fiduciary responsibilities.

■ We hold that the trial court did not err in holding, as a matter of law, that the testatrix's intent, in executing the codicil, was to make the designated funds on deposit available to the appellant, as life beneficiary, so that he could meet his legal obligations to maintain and preserve the property. This, in effect, vested the appellant with a life estate in the specified funds.

■ Although a life estate in personalty is not favored, it will be recognized and enforced if the testatrix's intent to grant such a life estate can be ascertained from the language of the will. *Bridges*, 430 S.W.2d at 382. The testatrix's will and codicil clearly reflect her intent to give the life beneficiary the right to use the specified funds for the care and maintenance of the property comprising the life estate.

■ Where a life tenant is entrusted with a certain fund to use for the benefit of property in which he holds the life estate, he usually is entitled to possess and use such funds, provided that he does so properly and in good faith. *See* Annotation, *Trustee to Protect Remainderman*, 46 A.L.R.2d 502, 504 (1972). But a life tenant's right to spend money does not carry with it the right to give it away, *Bridges*, 430 S.W.2d at 381, or to use it for some purpose other than as designated by the testatrix. Thus, where it appears to a court that a life tenant of personalty may endanger the value of the remainder of the estate if allowed to continue in possession of the personalty, the court may, in its discretion, appoint a trustee to assume management and control. 46 A.L.R.2d at 511.

■ That is exactly what happened here. After the court removed the appellant as the estate's executor, it appointed the administrator with will annexed as trustee to discharge the fiduciary responsibility of managing the designated funds. The appellant has not claimed that the court lacked good and sufficient basis for deciding that his removal was necessary to protect the remainder interest. We therefore uphold the trial court's ruling on the first issue.

■ We also affirm the trial court's ruling that the term "funds on deposit" included certificates of deposit.

The appellee cites *Dallas/Fort Worth Airport Bank v. Dallas Bank & Trust Co.*, 667 S.W.2d 572 (Tex.App.—Dallas 1984, no writ), which held that a "deposit account" did not include a certificate of deposit within the meaning of Tex.Bus. & Com.Code Ann. sec. 9.105(a)(5) (Tex.UCC) (Vernon 1968). But that case involved the statutory requirements for secured transactions, not the construction of a term used in a will.

In this case, there is no suggestion that the term "funds on deposit" should be given other than its ordinary meaning. In common parlance, the term "funds on deposit" includes not only cash deposits that are payable on demand and subject to check, but deposits for which certificates are issued, that may be payable either on demand or at some fixed future time. *See Black's Law Dictionary* 802 (4th Ed. 1968); *see also Sims v. McMullan*, 22 S.W.2d 313, 318 (Tex.Civ.App.—Amarillo 1929, no writ).

The judgment of the trial court is affirmed.