M. G. AVEN v. MRS. MARY F. GREEN ET AL.

No. A-7024. Decided January 28, 1959.
Rehearing overruled March 4, 1959.
(320 S.W. 2d Series 660)

*Dunnam & Dunnam,* of Waco, for petitioner.

*Robt. W. Brown,* of Gatesville, *Burford, Ryburn & Ford* and *Bruce Graham,* of Dallas, for respondent.

MR. CHIEF JUSTICE HICKMAN delivered the opinion of the Court.

On July 13, 1956, petitioner, M. G. Aven, filed in the County Court of Coryell County an application for the probate of the last will and testament of Katie Bell dated February 27, 1948, together with two codicils thereto dated August 20, 1949, and February 1, 1950, respectively. Thereafter Mrs. Mary F. Green et al., respondents, filed an application for the probate of the last will and testament of the same testatrix, Katie Bell, dated March 31, 1937, and a codicil thereto dated June 28, 1938. Each party filed a contest to the other's application. At the hearing in the county court, respondents introduced evidence in support of their application for the probate of the 1937 will and the 1938 codicil thereto. In support of his application to probate the will of 1948 and the codicils thereto, petitioner introduced, without objection, the written testimony of C. S. Farmer, a subscribing witness to the 1949 codicil, which had been signed and sworn to by him before a notary public in McLennan County and not

in open court in Coryell County. The affidavit refers to the 1949 codicil as the deceased's last will and testament, and makes no mention of the 1948 will. No other evidence was offered by petitioner. At the conclusion of the testimony the county court rendered judgment denying the application of petitioner for the probate of the 1948 will and its codicils, and admitting to probate the 1937 will and the 1938 codicil offered by respondents. From that judgment petitioner duly perfected an appeal, as authorized by Sec. 28, Texas Probate Code, to the District Court of Coryell County. The case was not tried on its merits in the district court, but the appeal was dismissed on respondents' plea in abatement and motion to dismiss on the ground that petitioner having offered no evidence in support of his application for the probate of the 1948 will and the codicils thereto, except the affidavit signed and sworn to out of court, abandoned his application. That judgment was affirmed by the Court of Civil Appeals. 316 S.W. 2d 78.

Had the petitioner failed or refused to offer any evidence whatever or take any steps in support of his application, he should be held to have abandoned same and, therefore, forfeited his right to an appeal, and the judgments below should be affirmed. The general applicable rule is well stated in Sorrell v. Stone, Texas Civ. App., 127 S.W. 300, wr. ref., in this language:

"The authorities cited support the proposition that when a litigant voluntarily announces ready for trial upon an issue which he has presented, and then declines to offer any testimony in support of such issue, he thereby abandons the cause of action set up in his pleading. And, when a party has so abandoned his cause of action, we do not believe that it was intended that he should have the right to appeal from the judgment of the court disposing of his case, although such appeal might result in a trial de novo in the court to which the case would be carried by the appeal."

■ In applying this general rule this court has held that where, in a suit to set aside an order admitting a will to probate, the petitioner fails or refuses to offer evidence in support of his case, he will be held to have abandoned his suit as a matter of law. Cullinan v. Cullinan, 154 Texas 247, 275 S.W. 2d 472; Turner v. Jackson, 256 S.W. 2d 127, wr. er. ref. We can find no basis for a conclusion that the rule applicable to a litigant seeking to set aside the prior probate of a will should not apply to one seeking the probate of a will. In each case he has presented issues for determination and has the burden of proceeding in the

case. The proper test in such cases in determining the issue of abandonment for the purposes of appeal under Section 28 of Texas Probate Code is not whether a proponent made out or proved a prima facie case in the probate court of whether particular evidence offered by him is in legal effect incompetent. Rather, it is whether a proponent actively attempted to support his application. The affidavit offered by petitioner is not in compliance with Sec. 84(b)(1) and Sec. 87, Texas Probate Code. Our question is not whether the introduction of the affidavit made out a prima facie case or was in fact the offering of any competent evidence, and we need not decide that question. What we hold is that the offer of the affidavit, even if defective, was an active attempt on the part of petitioner to support his application for probate which preserved his right to appeal to the district court. Cullinan v. Cullinan, supra. The right to an appeal in such a case should not rest upon the question of admissibility or competency of testimony. That would be a question of law to be decided by the court on the trial on its merits and not a ground for sustaining the plea in abatement and dismissing an appeal.

■ This brings us to a consideration of what we consider the most interesting question in this unusual record. Petitioner introduced no evidence whatever to prove the 1948 will. The affidavit offered by him was made by a subscribing witness to the 1949 codicil and made no mention of the 1948 will. The question thus presented is whether a proponent who seeks to probate a will and codicil but offers proof only in support of the codicil is entitled upon appeal to the district court to a trial de novo on his application to probate both the will and the codicil. In determining that question the nature of the codicil is controlling. In Hinson v. Hinson, 154 Texas 561, 280 S.W. 2d 731, we held:

"It is well settled, however, that a properly executed and valid codicil which contains a sufficient reference to a prior will, operates as a republication of the will in so far as it is not altered or revoked by the codicil; the will and codicil are then to be regarded as one instrument speaking from the date of the codicil."

If the codicil here under review was validly executed and republishes the prior will, proof of the codicil will operate also to establish the will without further proof. Hobart v. Hobart, 154 Ill. 610, 39 N.E. 581; Rush v. Brannon, 82 W. Va. 58, 95 S.E. 521; 95 C.J.S., Wills, Sec. 303(a); 57 Am. Jur., Wills, Sec. 922.

■ We next consider the codicil of 1949 to determine whether it was a republication of the 1948 will. It is inseparably dependent upon that will. In it the testatrix refers to her "last will and testament, bearing the date February 27, 1948," and declares the codicil to be "to my said last will and testament and to be taken as a part thereof." The codicil revokes the residuary clause of the will and provides a new one; revokes two of the specific bequests in the will; adds a specific bequest of $5,000.00, all personal effects and household furniture to petitioner, and includes a provision that any contesting beneficiary's share shall go to and pass to the executor named in her last will and testament as his property unconditionally; and concludes with the provision that the codicil be annexed to her last will and testament. It seems clear to us that the 1949 codicil is so inseparably connected with the 1948 will as to be a republication of it. If, therefore, the requisite proof for the probate of the 1949 codicil be made, then, subject to respondents' contest thereof, the will should be admitted to probate without further proof.

■ Upon the trial of the case in the district court, if petitioner's application to probate the will of 1948 is denied, his contest of the application of respondents to probate the 1937 will should be disregarded, for the only interest petitioner has in the estate of testatrix is derived from the will and codicil which he seeks to probate, and only persons interested in an estate can contest the probate of a will. Sec. 10, Texas Probate Code. Furthermore, if respondents' contest of the 1948 will with its codicils is not sustained and the will admitted to probate, the question of the probate of the 1937 will and its codicil will pass out of the case because that will will be superseded by the order probating the 1948 will.

Our conclusion is that the judgments of both courts below should be reversed and the cause remanded to the district court for trial on its merits, and it is so ordered.

Reversed and remanded.

Associate Justice Hamilton not sitting.

Opinion delivered January 28, 1959.

Rehearing overruled March 4, 1959.