Mary JACKSON, Appellant,

v.

Julia Mae THOMPSON and Anna Lucille Johnson, Appellees.

No. 17711.

Court of Civil Appeals of Texas, Houston (1st Dist.).

Oct. 30, 1980.

Rehearing Denied Nov. 20, 1980.

Fulbright & Jaworski, Roger Townsend, Houston, for appellant.

Talbert, Giessel & Stone, Cristol N. Schoessow, Henry P. Giessel, Houston, for appellees.

Before COLEMAN, C. J., and WALLACE and DOYLE, JJ.

COLEMAN, Chief Justice.

This is an appeal from a judgment granting a bill of review and setting aside an order of the County Court of Austin County, Texas, admitting an instrument to probate as a muniment title. The judgment also denied probate of the instrument and granted ancillary relief.

The appellant, Mary Jackson, presented to the County Court of Austin County, Texas, an instrument which appears to be a codicil to the will of Viola Warner, deceased. Notice of the application for probate was given by posting. After a hearing the county judge admitted the codicil to probate as a muniment of title. At that time the will had not been filed for probate.

The appellees, Julia Mae Thompson, Mrs. Warner's former sister-in-law, and Anna Lucille Johnson, Mrs. Warner's niece-by-marriage, were in possession of an instrument, alleged to be Mrs. Warner's last will and testament, by which appellees were made co-independent executrix and sole beneficiaries. The purported codicil modified the will by giving to appellant the decedent's residence and all the furnishings therein.

Although appellant and her attorneys were advised of the existence of the will and had discussed questions relating thereto with the attorney for the appellees, neither the appellees nor the attorneys were given actual notice of the filing of the codicil for probate. After they learned of the order of the county court admitting the codicil to probate, the appellees filed a bill of review in the county court. The county court on its own motion transferred the bill of review to the district court where the case was tried to the court without a jury.

We first consider the appellant's contention that the district court lacked subject matter jurisdiction. Section 5 of the Texas Probate Code provides:

In those counties where there is no statutory probate court, county court at law or other statutory court exercising the jurisdiction of a probate court, all applications, petitions and motions regarding probate matters shall be filed and heard in the county court, except that in contested probate matters, the judge of the county court may on his own motion ... transfer such proceedings to the district court which may then hear such proceedings as if originally filed in such court. ...

It is appellant's position that only the court rendering the judgment under attack has jurisdiction over a bill of review and that the proceedings in this case were tantamount to an exercise of appellate jurisdiction.

■ We take judicial notice of the fact that Section 5(b) of the Texas Probate Code is applicable to Austin County, Texas. By this Section the district court is given statutory jurisdiction in contested probate matters which are transferred to it. We consider that the legislature in using the words "contested probate matters" intended to include all matters in a probate proceeding where the pleadings on file demonstrate that the parties to the suit have adopted adversary positions. Section 31 of the Probate Code provides that any person interested may, by a bill of review filed in the court in which the probate proceedings were had, have any decision, order, or judgment rendered by the court or by the judge thereof "revised and corrected on showing error therein." The purpose of the bill of review is to revise and correct errors and not merely to set aside decisions, orders, or judgments rendered by the probate court. The bill of review filed by appellees was, therefore, a contested probate matter which the county judge was authorized under Section 5 of the Probate Code to transfer to the district court.

■ When the district court is hearing contested probate matters transferred to it by the county judge, it is exercising original jurisdiction granted by statute and not appellate jurisdiction. The jurisdiction it exercises in such a case is on the same level as that of the county court sitting in probate. The statutory bill of review in a probate proceeding must be filed in the court rendering the decision under attack. This is the same rule applicable to equitable bills of review. This court has recognized that rule and the further rule that once jurisdiction has attached in the proper court, the cause may be transferred to another court for a trial in appropriate cases. *Outlaw v. Noland*, 506 S.W.2d 734 (Tex.Civ.App.—Houston [1st Dist.] no writ history). See 4 McDonald, Texas Civil Practice, New Trial, § 18.25 et seq.

After determining that the bill of review was a contested probate proceeding, the county judge was authorized to transfer it to the district court of Austin County, Texas, and the district court had jurisdiction to hear and determine the matter.

■ Contrary to the contentions of appellants as asserted by several points of error, the "bill of review" provided by the probate code need not conform to the rules, and is not limited to the restrictions, of the equitable practice applicable to bills of review. *Norton v. Cheney*, 138 Tex. 622, 161 S.W.2d 73 (1942); *Pure Oil Company v. Reece*, 124 Tex. 476, 78 S.W.2d 932 (1935).

■ Appellant asserts that the heirs of Viola Warner were indispensable parties to the action to set aside the order admitting the codicil to probate. The absence of these parties was not raised in the trial court. We do not consider that their absence deprived the court of jurisdiction to proceed with the parties before it. *Cooper v. Texas Gulf Industries, Inc.*, 513 S.W.2d 200 (Tex. 1974); *Sherrill v. Estate of Plumley*, 514 S.W.2d 286 (Tex.Civ.App.—Houston [1st Dist.] 1974, writ ref'd n. r. e.).

The judgment entered by the trial court in this cause is not void for want of indispensable parties. The appellant failed to file a sworn plea alleging a defect of parties as is required by Rule 93, T.R.C.P. She has waived her right to complain of any absence or defect of parties. *Hollar v. Jowers*, 310 S.W.2d 721 (Tex.Civ.App.—Eastland 1958, writ ref'd n. r. e.).

■ The rule in this state is that the failure of the trial court to file findings of fact and conclusions of law when properly requested constitutes reversible error, unless the record before the appellate court affirmatively reflects that the complaining party has suffered no injury. *Texas Eastern Transmission Corporation v. Sealy Independent School District*, 572 S.W.2d 49 (Tex.Civ.App.—Houston [1st Dist.] 1978, no writ). No issues of fact or substance are presented by this appeal. A statement of facts and the transcript of the proceedings in the county court are in the record. The complaining party has suffered no injury because of the failure of the trial court to file findings of fact and conclusions of law.

Section 3, paragraph (ff), Vernon's Texas Probate Code provides that when used in the code, unless otherwise apparent from the context, the term "will" includes a codicil.

Evidence was offered in the county court that the instrument offered for probate was entirely in the handwriting of Viola Warner. It was signed by Viola Warner and dated December 16–78. It reads:

"Viola Warner

Make this codice to my Last Will and testomant i direct that the residens Located at 510 West austin Bellvillle Tex and all it furnish ings shall go to my sister Mary Jackson at the time of my death this the only change I wish to make to my will"

It was signed Viola Warner and the names Elmer Hatten and Mrs. Lucille Hatten are written below that signature in a different handwriting.

■ At the trial in the district court a formal self proving type will, apparently properly executed and witnessed, by which all of Mrs. Warner's property was devised to her sister-in-law, Julia Mae Thompson and her niece-in-law, Anna Lucille Johnson, was introduced into evidence. This will was dated April 1, 1975. It had not been offered for probate and was not mentioned in the application for probate of the codicil. In *Aven v. Green*, 159 Tex. 361, 320 S.W.2d 660 (1959), the court held that a properly executed and valid codicil which contains a sufficient reference to a prior will operates as republication of the will insofar as it is not altered or revoked by the codicil. The will and the codicil are then to be regarded as one instrument speaking from the date of the codicil. If the codicil is validly executed and republishes the prior will, proof of the codicil will operate also to establish the will without further proof. This is a clear holding that a testamentary instrument in the nature of a codicil to a prior will, if properly executed, may be offered for probate. *Aven v. Green, supra*. See, *Hinson v. Hinson*, 154 Tex. 561, 280 S.W.2d 731 (1955).

Before a will may be admitted to probate as a muniment of title the court must be satisfied not only that the will should be admitted to probate but also that there are no unpaid debts owing by the estate of the testator, excluding debts secured by liens on real estate, or the court must find for some other reason that there is no necessity for administration upon the estate. Section 89, Vernon's Texas Probate Code.

Since this was not a contested case in the county court, all testimony taken upon the hearing of the application to probate must have been committed to writing at the time it was taken, subscribed and sworn to in open court by the witness or witnesses, and filed by the clerk. Section 87, Vernon's Texas Probate Code.

■ The county court found that there were no unpaid bills and no necessity for administration. A transcript of the proceedings had in the county court was before the district court in the trial of this bill of review. This record does not reflect evidence that there were no unpaid debts owing by the estate of the testator nor does it contain evidence constituting a sufficient reason for the court to find no necessity for administration upon the estate. In the absence of a sufficient evidentiary basis for these findings the court erred as a matter of law by admitting the will to probate as a muniment of title. The district court must be held to have so found.

■ The trial court entered a judgment setting aside the probate of the codicil and declaring "that said purported codicil be denied probate." The question presented by the application for probate of the codicil was whether it should be admitted to probate as a muniment of title. The judgment of the county court admitted it to probate as a muniment of title. The question before the district court, therefore, was whether it should be admitted to probate as a muniment of title. The judgment should have reflected only that the codicil be denied probate as a muniment of title.

The district court also entered judgment that a mandatory injunction be issued or-

dering and commanding Mary Jackson to vacate the residence and premises located at 510 West Austin Street in Bellville, Austin County, Texas, and further that she be ordered and commanded to restore the contents and furnishings in said residence to the same condition in which they existed prior to April 16, 1979, and further ordering and commanding Mary Jackson to forever and perpetually cease and desist from occupying or exercising dominion or control of said residence, its contents and furnishings in any manner.

■ Section 37, Vernon's Texas Probate Code, provides that when a person dies, leaving a lawful will, all of his estate devised or bequeathed by such will shall vest immediately in the devisees or legatees of such estate subject to the payment of the debts of the testator and that whenever a person dies intestate, all of his estate shall vest immediately in his heirs at law, subject in their hands to the payment of the debts of the intestate. However, Section 94, Vernon's Texas Probate Code, provides that except as provided with respect to foreign wills, no will shall be effectual for the purpose of proving title to, or the right to the possession of, any real or personal property disposed of by the will, until the will has been admitted to probate. The will under which the appellees claim an interest in the decedent's property has not been probated. The appellees are not heirs at law of the decedent. The evidence in this case shows that appellant is one of the heirs at law of the decedent and entitled to joint possession of the property until such time as a will is admitted to probate or an administrator is appointed for the estate. The appellees have no justiciable interest in the matter which would support the action of the trial court in granting injunctive relief.

The judgment of the district court will be reformed to provide that the order of April 16, 1979, of the County Court of Austin County, Texas, sitting in probate admitting to probate as a muniment of title a purported codicil to the last will and testament of Viola Warner, deceased, be and hereby is cancelled, and set aside; that said purported codicil be and it hereby is denied probate as a muniment of title. That portion of the judgment granting mandatory injunctive relief against Mary Jackson is reversed and judgment is here rendered denying such relief. Costs of appeal will be taxed against Julia Mae Thompson and Anna Lucille Johnson.