NUMBER 13-03-00546-CV
 
 
COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS
 
CORPUS CHRISTI - EDINBURG
 

 

THE STATE OF TEXAS,                                                               Appellant,

v.

ANN M. FERNANDEZ,                                                                   Appellee.



On appeal from the County Court of Kenedy County, Texas
Sitting in Probate.





CONCURRING AND DISSENTING OPINION
Before Chief Justice Valdez and Justices Hinojosa and Castillo


Concurring and Dissenting Opinion by Justice Castillo
 
         I concur that we have no jurisdiction in this interlocutory appeal by the Attorney
General of Texas. I, too, would dismiss the Attorney General's attempted appeal. 
However, I dissent because justice and judicial economy demand that we address the
merits of the Attorney General's complaint. I would construe the Attorney General's
brief as a petition for writ of mandamus and deny the requested relief on the merits. 
         The underlying litigation in this interlocutory appeal chronicles imperishable
claims to the real property of South Texas rancher John G. Kenedy, Jr., his wife Elena
Suess Kenedy, and his sister Sarita K. East. The family saga from which this appeal
emerged is serialized in prior opinions of this and other courts, where the reader can
find a complete list of the parties and other details.


 This latest chapter recounts the
recent claims of Ann M. Fernandez. Fernandez alleges she is the biological,
extramarital daughter and sole heir of John G. Kenedy, Jr. 
         The John G. and Marie Stella Kenedy Memorial Foundation (the "Foundation"),
The John G. Kenedy, Jr. Charitable Trust (the "Trust"), and others aligned with the
Trust


 are parties below. The Attorney General of the State of Texas intervened to
protect the charitable interests of the citizens of the State of Texas in the Trust. See
Tex. Prop. Code Ann. § 123.002 (Vernon 1995). The State of Texas brings this
interlocutory appeal of an order denying motions to dismiss filed by the Foundation and
Trust and joined by the Attorney General.


 The Attorney General challenges a
statutory probate court judge's transfer of three bill-of-review proceedings filed in
district court by Fernandez. See Tex. Prob. Code Ann. § 5B.


 Fernandez has filed a
motion to dismiss the Attorney General's appeal for lack of jurisdiction. I would first
set out the parameters of this Court's jurisdiction over interlocutory appeals. 
I. INTERLOCUTORY APPELLATE JURISDICTION
         Our initial inquiry is always whether we have jurisdiction over an appeal. Garcia
v. Comm'rs Court of Cameron County, 101 S.W.3d 778, 779 (Tex. App.–Corpus
Christi 2003, no pet.) (citing Tex. Ass'n of Bus. v. Tex. Air Control Bd.,
852 S.W.2d 440, 443 (Tex. 1993)). We are obligated to determine, sua sponte, our
own jurisdiction. Garcia, 101 S.W.3d at 779 (citing N.Y. Underwriters Ins. Co. v.
Sanchez, 799 S.W.2d 677, 678 (Tex. 1990) (per curiam)). Jurisdiction of a court is
never presumed. Garcia, 101 S.W.3d at 783. Our jurisdiction is established
exclusively by constitutional and statutory enactments. Id. at 784; see Tex. Civ. Prac.
& Rem. Code Ann. § 51.014 (Vernon Supp. 2004). Unless one of the sources of our
authority specifically authorizes an interlocutory appeal, we only have jurisdiction over
an appeal taken from a final judgment. Garcia, 101 S.W.3d at 784. Absent an
express grant of authority, we do not have jurisdiction to review an interlocutory order. 
Id. If the record does not affirmatively demonstrate our jurisdiction, we must dismiss
the appeal. Id. 
         I turn to a discussion of the statutory probate court legislative scheme and
transfers at issue. I present only an abbreviated summary of events here to place this
appeal in its proper context. 
II. THE CHALLENGED TRANSFERS
A. The Underlying Causes of Action
         On October 16, 2001, Fernandez filed in the County Court of Kenedy County,
Texas, sitting in probate, an "Application to Set Aside Order Probating Will with
Application for Declaration and Determination of Heirship" in Case No. 189 (Estate of
John G. Kenedy, Jr.). On May 8, 2002, she filed bill-of-review proceedings in a
"Plaintiff's Original Petition with Application for Temporary Restraining Order" in Case
No. 02-2331-C (Fernandez v. Exxon Mobil) in the 94th District Court of Nueces
County, Texas. On May 9, 2002, she filed bill-of-review proceedings in an
"Application for Declaration of Heirship and Suit for Accounting and Distribution" in
Case No. 344 (Estate of Sarita K. East) and in Case No. 379 (Estate of Elena Suess
Kenedy), also in the County Court of Kenedy County, Texas, sitting in probate. That
same day and in the same court, Fernandez filed bill-of-review proceedings in an
"Application for Declaration of Heirship and Suit for Accounting and Distribution" in
new Case No. 395 (Estates of John G. Kenedy, Jr., Sarita K. East, and Elena Suess
Kenedy). On May 14, 2002, Fernandez filed in the 105th District Court of Nueces and
Kenedy Counties a bill of review in an "Application for Declaration of Heirship and Suit
for Accounting and Distribution" in Case No. 02-2959-D (originally 101-209-D)
(Sarita K. East Will Contest). 
B. The Assignment of a Statutory Probate Court Judge with Transfer Power
1. The Statutory Authority for the Assignment
         Kenedy County does not have a statutory probate court. See Tex. Gov't Code
Ann. §§ 25.1331-.1340 (reserved for Kenedy County). In counties with no statutory
probate court, section 5(b) of the probate code outlines the following procedure in
contested probate matters: 
(b)In those counties in which there is no statutory probate
court, county court at law, or other statutory court exercising the
jurisdiction of a probate court, all applications, petitions, and motions
regarding probate and administrations shall be filed and heard in the
county court, except that in contested probate matters, the judge of the
county court may on the judge's own motion (or shall on the motion of
any party to the proceeding, according to the motion) request as provided
by Section 25.0022, Government Code, the assignment of a statutory
probate court judge to hear the contested portion of the proceeding, or
transfer the contested portion of the proceeding to the district court. . . . 
Tex. Prob. Code Ann. § 5(b). "Probate matter" is defined by section 3(bb) of the
probate code:
"Probate matter," "Probate proceedings," "Proceeding in probate," and
"Proceedings for probate" are synonymous and include a matter or
proceeding relating to the estate of a decedent.

Tex. Prob. Code Ann. § 3(bb). "Estate" is defined by section 3(l):
"Estate" denotes the real and personal property of a decedent, both as
such property originally existed and as from time to time changed in form
by sale, reinvestment, or otherwise, and as augmented by any accretions
and additions thereto (including any property to be distributed to the
representative of the decedent by the trustee of a trust which terminates
upon the decedent's death) and substitutions therefor, and as diminished
by any decreases therein and distributions therefrom. 

Tex. Prob. Code Ann. § 3(l). The county court is without discretion to ignore a party's
request for assignment of a statutory probate court judge under section 5(b). In re
Vorwerk, 6 S.W.3d 781, 784-85 (Tex. App.–Austin 1999, orig. proceeding). 
2. The Foundation's and the Trust's Requests for Assignment
         On May 14, 2002, the Foundation filed a motion in Case No. 395 that asked
the Kenedy County Court for assignment of a statutory probate court judge pursuant
to section 5(b). See Tex. Prob. Code Ann. § 5(b). The Foundation filed a similar
motion on May 15, 2002 in Case No. 344. On June 10, 2002, the Trust followed suit
in Case No. 395. That same day, the Kenedy County Court granted the Foundation's
and the Trust's motions for assignment of a statutory probate court judge. 

3. The Assignment Procedure
         Section 25.0022 of the government code governs the administration of
statutory probate courts and provides:
(h)A judge or a former or retired judge of a statutory probate
court may be assigned to hold court in a statutory probate court, county
court, or any statutory court exercising probate jurisdiction when:

* * *
 
(7)a county court judge requests the assignment of a
statutory probate judge to hear a probate matter in the county
court; 

* * *
 
(i)A judge assigned under this section has the jurisdiction,
powers, and duties given by Sections 5, 5A, 5B, 606, 607, and 608,
Texas Probate Code, to statutory probate court judges by general law. 
 
Tex. Gov't Code Ann. § 25.0022(h)(7), (i) (Vernon Supp. 2004). 
4. The Assignment
         On June 28, 2002, on the request of the Kenedy County Court, the presiding
statutory probate judge appointed a statutory probate court judge in Case
Nos. 344 and 395. The minute order documenting the assignment specifies that the
statutory probate court judge is "to preside over all contested matters in the above-referenced causes with all rights, powers and privileges held by the regular judge of
the court assigned and the attendant jurisdiction of a statutory probate court." 

5. The Transfer Power of Statutory Probate Court Judges
         Section 5B of the probate code applicable to this case ("Transfer of
Proceedings") provides:
A judge of a statutory probate court on the motion of a party to the
action or on the motion of a person interested in the estate, may transfer
to his court from a district, county, or statutory court a cause of action
appertaining to or incident to an estate pending in the statutory probate
court and may consolidate the transferred cause of action with the other
proceedings in the statutory probate court relating to that estate.
 
Tex. Prob. Code Ann. § 5B. A statutory probate court is defined in section 3(ii) of the
probate code as:
a statutory court designated as a statutory probate court under
Chapter 25, Government Code. A county court at law exercising probate
jurisdiction is not a statutory probate court under this Code unless the
court is designated a statutory probate court under Chapter 25,
Government Code. 

Tex. Prob. Code Ann. § 3(ii). Finally, section 5A(d) of the probate code provides that
"[a] statutory probate court may exercise the pendent and ancillary jurisdiction
necessary to promote judicial efficiency and economy." Tex. Prob. Code Ann. § 5A(d). 
         The purpose of this assignment and transfer statutory scheme is to promote
judicial economy and the efficient administration of estates by permitting
transfer of related proceedings from other courts. See Reliant Energy, Inc. v.
Gonzalez, 102 S.W.3d 868, 881 (Tex. App.–Houston [1st Dist.] 2003, pet. granted)
(en banc) (op. on reh'g); see In re Houston Northwest Partners, 98 S.W.3d 777,
780-81 (Tex. App.–Austin 2003, orig. proceeding) (citing In re Ramsey, 28 S.W.3d
58, 62-63 (Tex. App.–Texarkana 2000, orig. proceeding) ("Section 5B's purpose is
to allow consolidation of all causes of action incident to an estate in the statutory
probate court in order to promote efficient administration of estates and judicial
economy."); Henry v. LaGrone, 842 S.W.2d 324, 327 (Tex. App.–Amarillo 1992, orig.
proceeding) ("The purpose of Section 5B is to allow a statutory probate court to
consolidate all causes of action which are incident to an estate so that the estate can
be efficiently administered.")); see also In re Graham, 971 S.W.2d 56, 59-60 (Tex.
1998) (orig. proceeding) (discussing legislative intent "as evidenced by the
Legislature's persistent expansion of statutory probate court jurisdiction over the
years"). The transfer power conferred on statutory probate court judges allows
consolidation in one court of all causes of action incident to an estate. See Reliant
Energy, 102 S.W.3d at 881. 
6. The Foundation's and the Trust's Requests for Transfers
         On July 17, 2002, the Foundation sought transfer by the newly assigned
statutory probate court judge of the bills of review in Case No. 02-2331-C, pending
in the 94th District Court, and Case No. 02-2959-D, pending in the 105th District
Court. On July 19, 2002, the Trust also filed a motion to transfer but did not seek
transfer of Case No. 02-2959-D. 
7. The Attorney General's Intervention
         On August 23, 2002, the Attorney General intervened in Case
Nos. 344 and 395, asserting:
The Attorney General neither admits nor denies the allegations made by
the parties herein but would request that this Court require that their
allegations be proven by a preponderance of the evidence, pursuant to
Rule 92 of the Texas Rules of Civil Procedure. 

8. The Transfer Order
         The statutory probate court judge granted the Foundation's request and
transferred and consolidated Case No. 02-2959-D, along with the other transfers the
Foundation and Trust requested, by order dated November 5, 2002. The Attorney
General now challenges the transfer of Case No. 02-2959-D from the 105th District
Court. He does not challenge the transfer of Case No. 02-2331-C from the 94th
District Court. 
9. Fernandez's Requests for Transfers
         On May 13, 2003, Fernandez filed bills of review in Case No. 03-CV-50
(originally Case No. 35) (Humble Oil v. East, et al.) and Case No. 03-CV-51 (originally
Case No. 85) (Garcia v. Kenedy Memorial Foundation), both in the 105th District
Court. On August 13, 2003, Fernandez filed motions to transfer and consolidate Case
Nos. 03-CV-50 and 03-CV-51 into Case No. 395. 
         At this point, the Foundation and Trust opposed Fernandez's requested transfers
from the 105th District Court of the bill-of-review proceedings in Case Nos. 03-CV-50
and 03-CV-51. They filed motions to dismiss, asserting that the statutory probate
court lacked jurisdiction because: (1) there was no currently pending estate matter to
which its jurisdiction could attach or on which jurisdiction over matters incident to an
estate could attach; (2) only the court that rendered the judgment being attacked has
jurisdiction over a bill of review; and (3) there was no statutory basis for the court's
assumption of jurisdiction over the various issues in the case. The Attorney General
joined in both motions.


 
         On August 27, 2003, the statutory probate court judge granted Fernandez's
motion and transferred the two additional bill-of-review proceedings from the 105th
District Court. By order dated September 11, 2003, the statutory probate court judge
denied the Foundation's, the Trust's, and the Attorney General's motions to dismiss. 
In addition to the transfer of Case No. 02-2959-D, the Attorney General challenges the
transfers of Case Nos. 03-CV-50 and 03-CV-51. Each is a bill of review attacking a
final judgment or order of the 105th District Court. The other bills of review filed by
Hernandez attack a final judgment in the 94th District Court and judgments or orders
of the Kenedy County Court, including the probate of John G. Kenedy, Jr.'s will.          Unlike the majority, I would address in detail the arguments of the parties as to
whether the Attorney General's challenge to the statutory probate court judge's
exercise over the district court bills of review of the transfer power conferred by
section 5B is properly raised in a plea to the jurisdiction. See Crane County v. Saults,
101 S.W.3d 764, 767 (Tex. App.–El Paso 2003, no pet.) (holding that notice
provision of Texas Tort Claims Act is jurisdictional defect that properly may be raised
in plea to jurisdiction). As the majority agrees, if it is not proper to raise the issue in
a plea to the jurisdiction, we should dismiss the Attorney General's interlocutory
appeal. See id. 
III. INTERLOCUTORY APPEAL UNDER SECTION 51.014(a)(8)
         Section 51.014(a)(8) of the government code "is a narrow exception to the
general rule that only final judgments and orders are appealable." Montgomery County
v. Fuqua, 22 S.W.3d 662, 664-65 (Tex. App.–Beaumont 2000, pet. denied). Thus,
we strictly construe its grant of interlocutory jurisdiction. Id.; America Online, Inc. v.
Williams, 958 S.W.2d 268, 271 (Tex. App.–Houston [14th Dist.] 1997, no pet.)). 
The provision on which the Attorney General relies is deceptively simple: 
(a)A person may appeal from an interlocutory order of a district
court, county court at law, or county court that:

* * *
 
(8) grants or denies a plea to the jurisdiction by a
governmental unit as that term is defined in Section 101.001.
Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (Vernon Supp. 2004). The policy
reason behind section 51.014(a)(8) is that the State should not have to expend
resources in trying a case on the merits if it is immune from suit. Harris County Flood
Control Dist. v. PG&E Tex. Pipeline, L.P., 35 S.W.3d 772, 773-74 (Tex.
App.–Houston [1st Dist.] 2000, pet. dism'd w.o.j.) (op. on reh'g), overruled on other
grounds, City of Houston v. Northwood Mun. Util. Dist. No. 1, 74 S.W.3d 183, 184
(Tex. App.–Houston [1st Dist.] 2002, pet. denied) (en banc) (per curiam). 
         The attorney general is a "governmental unit" for purposes of
section 51.014(a)(8). Cornyn v. Fifty-Two Members of the Schoppa Family,
70 S.W.3d 895, 898 (Tex. App.–Amarillo 2001, no pet.). Fernandez does not assert
otherwise, nor does she suggest that the Attorney General's joinder in the cases below
in motions to dismiss filed by the Foundation and Trust is not a plea to the jurisdiction
by the Attorney General. Fernandez does argue that the Attorney General did not
appear as a unit of government in its intervention in these proceedings. However,
section 123.002 of the property code, which permits the Attorney General's
intervention here, has as its basis the attorney general's function as guardian of the
public interest: 
For and on behalf of the interest of the general public of this state in
charitable trusts, the attorney general is a proper party and may intervene
in a proceeding involving a charitable trust. The attorney general may
join and enter into a compromise, settlement agreement, contract, or
judgment relating to a proceeding involving a charitable trust.
See Tex. Prop. Code Ann. § 123.002 (Vernon 1995). "A judgment in a proceeding
involving a charitable trust is voidable if the attorney general is not given notice of the
proceeding. . . ." Tex. Prop. Code Ann. § 123.004(a) (Vernon 1995). The attorney
general either may "decline in writing to be a party to the proceeding" or approve and
join in any settlement or judgment. Tex. Prop. Code Ann. § 123.004(b)
(Vernon 1995). Accordingly, the attorney general's intervention in a proceeding
involving a charitable trust is permissive, not mandatory. See Tex. Prop. Code
Ann. § 123.002 (Vernon 1995). 
         The attorney general may bring an interlocutory appeal under
section 51.014(a)(8) following intervention pursuant to section 123.002. See
Schoppa Family, 70 S.W.3d at 898. The question remains, however, whether the
Attorney General's challenge to the statutory probate court judge's transfers in this
case is a proper subject for a plea to the jurisdiction. I concur in the majority's
conclusion that it is not. 
         A pleading must be judged by its substance. Univ. of Houston v. Elthon,
9 S.W.3d 351, 355 (Tex. App.–Houston [14th Dist.] 1999, pet. dism'd w.o.j.); see
Tex. R. Civ. P. 71. Its substance is determined by what effect it will have on the
proceeding if granted. Elthon, 9 S.W.3d at 355. I conclude we first must look to the
effect on the proceedings below of sustaining the Attorney General's motion to
dismiss. See id. 
         In Schoppa Family, the attorney general had intervened and asserted he was the
only proper party to represent the interests of the public in matters involving charitable
trusts. Schoppa Family, 70 S.W.3d at 898. The appellees contended that a plea to
the jurisdiction was not a proper procedural device for the attorney general's challenge
to the plaintiffs' standing. Id. at 898-99. The attorney general characterized the
motion as a "global plea to the jurisdiction seeking a dismissal of the Plaintiffs based
on their lack of standing." Id. at 898. The trial court overruled the motion. Id. The
Amarillo Court of Appeals permitted interlocutory appeal by the attorney general: 
[Appellees] reason that this is not actually an interlocutory appeal within
the purview of section 51.014(a)(8) of the Code because, if it is
determined that appellant is the only proper party, he would remain in the
case. However, appellant filed a neutral intervention petition that made
no substantive claims. If we reverse the trial court's denial of appellant's
plea to the jurisdiction, the suit would be dismissed because appellant
has not asked for any substantive claims. This is true because an
intervention is subject to dismissal if it does not assert a cause or causes
of action or otherwise adopt the affirmative claims of litigating parties.
See Casteel v. Gunning, 402 S.W.2d 529, 542-543 (Tex. Civ. App.–El
Paso 1966, writ ref'd n.r.e.). If no affirmative relief is requested and the
party or parties seeking affirmative relief are dismissed, there was no
claim or claims to adjudicate and, therefore no subject matter jurisdiction.

Id. at 899. The Attorney General here urges us to adopt the Amarillo court's
reasoning. However, I am unpersuaded that Schoppa Family is applicable to the
motion to dismiss at issue in this case. The majority agrees. Whatever the disposition
of this appeal, the Attorney General will remain a party to the litigation. These three
bills of review will not be dismissed. They will transfer back to the 105th District
Court, where they were originally filed. The Kenedy County bills of review will remain
pending in front of the assigned statutory probate court judge to whom they were
transferred, as will the bill of review originally filed in the 94th District Court, the
transfer of which the Attorney General does not complain in this appeal.


 The
Attorney General, having willingly intervened, is now in the thick of these lawsuits. 
         Fernandez argues that the legislative purpose behind section 51.014(a)(8) is to
facilitate appeals by governmental units when they are immune from suit, citing City
of Austin v. L.S. Ranch, Ltd., 970 S.W.2d 750 (Tex. App.–Austin 1998, no
pet.).  The issue in L.S. Ranch was whether an interlocutory appeal could be
brought from the denial of any plea to the jurisdiction or only from the denial of
a plea based on sovereign immunity. Id. at 752. The Austin Court of Appeals
held that section 51.014(a)(8) authorizes interlocutory appeal of a decision on
a plea to the jurisdiction regardless of its basis. Id. at 752-53. It recognized "the
literal terms" of the statute and refused to "add a restriction to the statute that
the legislature did not provide." Id. at 752-53; see also Brazos Transit Dist. v. Lozano,
72 S.W.3d 442, 444 (Tex. App.–Beaumont 2002, no pet.) (op. on reh'g) (per curiam)
("As L.S. Ranch clearly indicates, the legislature made a plea to the jurisdiction eligible
for interlocutory appeal regardless of its basis, not because of it.") (emphasis deleted);
accord City of Hedwig Vill. Planning & Zoning Comm'n v. Howeth Invs., Inc.,
73 S.W.3d 389, 390, 393 (Tex. App.–Houston [1st Dist.] 2002, no pet.) (permitting
interlocutory appeal in plea to jurisdiction based on lack of standing and mootness). 
         I agree with the Attorney General that section 51.014(a)(8) permits interlocutory
appeal from a decision on a plea to the jurisdiction on grounds other than the assertion
of sovereign immunity. See, e.g., Gilmer Indep. Sch. Dist. v. Dorfman,
No. 12-03-00111-CV, 2003 Tex. App. LEXIS 7673, *2-*3 (Tex. App.–Tyler Aug. 29,
2003, no pet.) (plea to jurisdiction based on failure to name necessary party);
Harris County v. Lawson, 122 S.W.3d 276, 279 (Tex. App.–Houston [1st
Dist.] 2003, no pet.) (en banc) (plea to jurisdiction based on failure to exhaust
administrative remedies); Saults, 101 S.W.3d at 767 (plea to jurisdiction based
on failure to provide notice under Texas Tort Claims Act); Cornyn v. County of Hill,
10 S.W.3d 424, 428-29 (Tex. App.–Waco 2000, no pet.) (plea to jurisdiction based
on exclusive jurisdiction provision of tax code). However, neither the Attorney General
nor Fernandez has addressed the propriety under section 51.014(a)(8) of an
interlocutory appeal if sustaining the plea to the jurisdiction will not result in a
dismissal. 
         I agree with the majority that sustaining a plea to the jurisdiction
requires dismissal of the entire case. Aledo Indep. Sch. Dist. v. Choctaw Props.,
17 S.W.3d 260, 262 (Tex. App.–Waco 2000, no pet.) (citing Speer v. Stover,
685 S.W.2d 22, 23 (Tex. 1985) (per curiam); City of Cleburne v. Trussell,
10 S.W.3d 407, 409-10 (Tex. App.–Waco 2000, no pet.)). In Choctaw Properties,
the Waco Court of Appeals observed: "We believe it does not serve the legislative
purposes for which interlocutory appeals of pleas to the jurisdiction were allowed to
fragment the appeal on less than the entire case against a defendant." Choctaw
Props., 17 S.W.3d at 262; see also PG&E Texas Pipeline, 35 S.W.3d at 774 ("If we
permitted separate interlocutory appeals from orders that resolved only one of the
claims pending against a governmental unit, it would increase the cost of resolving the
litigation and delay the final disposition of the case."). At least one court permits
interlocutory appeal under section 51.014(a)(8) when dismissal of only one of multiple
claims against the governmental unit results. Fuqua, 22 S.W.3d at 669. 
         As noted above, because a neutral petition in intervention cannot sustain a
lawsuit, the practical effect of granting the attorney general's plea to the jurisdiction
in Schoppa Family was dismissal. Schoppa Family, 70 S.W.3d at 899. That is not
the case here. The Attorney General has cited no authority, and I have discovered
none, analyzing the circumstances presented here: a suit in which the attorney general
intervened because of the involvement of a charitable trust and then challenged in a
plea to the jurisdiction a statutory probate court's transfer authority. 
         In the absence of any authority directly on point, we should look to
the substance of the Attorney General's plea to determine its nature, not merely
at its title.  See Tex. R. Civ. P. 71; see also State Bar of Tex. v. Heard,
603 S.W.2d 829, 833 (Tex. 1980) (orig. proceeding); Elthon, 9 S.W.3d at 355. 
Sustaining the Attorney General's motion to dismiss will not minimize the expenditure
of public funds by disposing of the litigation. Indeed, the Attorney General has
voluntarily intervened and willingly incurred the expense of participating in this
litigation. Sustaining the Attorney General's motion to dismiss will not result in
dismissal of any claim against a governmental unit. See Choctaw Props., 17 S.W.3d
at 262; see also Baylor Coll. of Med. v. Tate, 77 S.W.3d 467, 472-73 (Tex.
App.–Houston [1st Dist.] 2002, no pet.) (holding that motion for summary judgment
could not be construed as plea to jurisdiction because it was based on immunity from
liability and not immunity from suit). I also note that at least one court has held that
section 5B does not confer jurisdiction but "merely provides the statutory probate
court with a mechanism to effect its authority." Reliant Energy, 102 S.W.3d at 873. 
I would expressly hold that a plea to the jurisdiction is not a proper procedural device
for the Attorney General to challenge the scope of the statutory probate court judge's
transfer powers under section 5B of the probate code. See Tex. Prob. Code
Ann. § 5B. I concur that we have no jurisdiction to consider the Attorney General's
interlocutory appeal in this case. I would dismiss the attempt. Accordingly, I would
deny as moot Fernandez's motion to dismiss. 
          However, it has long been the practice to construe briefs liberally to
obtain a just, fair, and equitable adjudication of the rights of the litigants. In re L.M.I.,
119 S.W.3d 707, 733 & n.14 (Tex. 2003) (Owen, J., concurring and dissenting). 
Indeed, our rules mandate liberality in construction. Id.; see Tex. R. App. P. 38.9; see
also Jackson v. Kincaid, 122 S.W.3d 440, 444 (Tex. App.–Corpus Christi 2003,
pet. filed). Therefore, in the interest of judicial economy, I would construe the
Attorney General's brief as a petition for writ of mandamus.


 See Tex. R. Civ. P. 71. 
I would turn to the merits of the Attorney General's complaint. 
IV. ORIGINAL PROCEEDING
A. The Issues Presented
         In support of his position that the transfers here are not permitted, the Attorney
General argues: (1) a bill of review must be decided by the court that rendered the
challenged judgment; and (2) no estate was pending in front of the statutory probate
court judge when the judge ordered the challenged transfers. I address these
challenges in the order presented by the Attorney General. 
B. Bills of Review under the Probate Code
         As a general rule, only the court that rendered the judgment under attack has
jurisdiction over a bill-of-review proceeding. Rodriguez v. EMC Mortg. Corp.,
94 S.W.3d 795, 797 (Tex. App.–San Antonio 2002, pet. denied); Richards v. Comm'n
for Lawyer Discipline, 81 S.W.3d 506, 508 (Tex. App.–Houston [1st Dist.] 2002, no
pet.). Accordingly, any bill of review must be filed in the court that rendered the
judgment. Rodriguez, 94 S.W.3d at 797. I would conclude that Fernandez is correct
in arguing that once jurisdiction attaches in the proper court, the case may be
transferred to another court, which then has the authority to determine the merits of
the bill of review. See id. (citing Outlaw v. Noland, 506 S.W.2d 734, 735 (Tex.
App.–Houston [1st Dist.] 1974, writ ref'd n.r.e.) (op. on reh'g)). 
         I consider it significant that each of the judgments under attack by the bills of
review at issue in this case were rendered long before the Legislature expanded
probate court jurisdiction in Texas. One of the challenged bills of review


 attacks a
judgment rendered in 1949 by a predecessor court of the 105th District Court. The
second challenged bill of review


 assails a judgment entered in 1975 by the district
court exercising its de novo appellate review over an appeal from the Kenedy County
Court in Case No. 344 (Estate of Sarita K. East), which was consolidated with Case
No. 348 (Sarita K. East Will Contest). Finally, the third challenged bill of review



seeks to set aside a dismissal order signed in 1978. 
         Thus, in at least one and in part two of the three bills of review at issue here,
the 105th District Court was not the court that rendered the original judgment. The
third attacks a dismissal order, not a final judgment. In any event, consistency, not
comity, underlies the Legislature's efforts in regard to probate court transfers. The
appointment provisions of section 5(b) first appeared in 1973 in the 63rd Legislature's
amendment of then-section 5. It provided that "in contested probate proceedings, the
judge of the county court on his own motion, or the parties by agreement may transfer
such proceeding to the district court, which may then hear such proceeding as if
originally filed in such court." Act of May 24, 1973, 63d Leg., R.S., ch. 610, § 1,
1973 Tex. Gen. Laws 1684, 1684 (Tex. Prob. Code Ann. § 5(b), since amended). 
This version allowed a transfer only if the parties agreed or if the county court on its
own motion transferred the contested proceeding. In re Vorwerk, 6 S.W.3d at 784. 
Without the agreement of all parties, however, the section did not direct that the
county court transfer the contested matters. Id. The 64th Legislature amended the
section in 1975 to provide "in contested probate matters, the judge of the county
court may on his own motion, or shall on the motion of any party to the proceeding
transfer such proceeding to the district court. . . ." Act of May 29, 1975, 64th Leg.,
R.S., ch. 701, § 2, 1975 Tex. Gen. Laws 2195, 2195 (Tex. Prob. Code Ann. § 5(b),
since amended). The result of the 1975 amendment was that a party's request to
transfer contested matters to district court removed the county court's discretion and
required the county court to transfer the contested matter to district court. In re
Vorwerk, 6 S.W.3d at 784 (citing Lesley v. Lesley, 664 S.W.2d 437, 439-40 (Tex.
App.–Fort Worth 1984, no writ)). The 70th Legislature amended the phrase to
provide:
[I]n contested probate matters, the judge of the county court may on his
own motion (or shall on the motion of any party to the proceeding,
according to the motion) request as provided Chapter 781, Acts of the
68th Legislature, Regular Session, 1983 (Article 1969b, Vernon's Texas
Civil Statutes), the assignment of a statutory probate judge to hear the
contested portion of the proceeding, or transfer the contested portion of
the proceeding to the district court . . . . 

Act of May 26, 1987, 70th Leg., R.S., ch. 459, § 4, 1987 Tex. Gen. Laws 2043,
2044-45 (Tex. Prob. Code Ann. § 5(b), since amended). The 1987 amendment
demonstrated the Legislature's intent to provide litigants with more than one procedure
to have contested matters heard in a forum other than the county court, which does
not require the judge to be a licensed attorney. In re Vorwerk, 6 S.W.3d at 785 (citing
Tex. Const. art. V, § 15). The amendment also provided litigants with an opportunity
to request which court, if only one motion was filed, would hear the contested matter. 
Id. 
         The evolution of statutory probate courts in Texas proves the maxim that "the
law is not static." See Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 899
(Tex. 2000). I would conclude that the Legislature contemplated that bills of review
might be filed challenging judgments rendered by district courts long before the
expansion of statutory probate court transfer authority. When reason and equity
demand, courts have been the primary instruments for change through continual
re-evaluation of common-law concepts in light of current conditions. See id. The
statutory probate court judge's decision to transfer the bills of review challenged in
this proceeding is consistent with the Legislature's intent, since the original judgments
were rendered, to confer broad transfer powers on statutory probate courts. 
         Finally, I note that Fernandez has asserted either statutory bills of review under
the probate code or equitable bills of review. See Tex. Prob. Code Ann. §§ 31, 93
(statutes of limitation in statutory bills of review and will contests); see also Tex.
Civ. Prac. & Rem. Code Ann. § 16.051 (Vernon 1997) (residual limitations
period applicable to equitable bills of review). Both may be subject to the
discovery rule. See Vandehaar v. ALC Fin. Corp., 25 S.W.3d 406, 409 (Tex.
App.–Beaumont 2000, pet. denied) (equitable bill of review); see also Escontrias v.
Apodaca, 629 S.W.2d 697, 698 (Tex. 1982) (statutory bill of review under
section 93). Whatever the merits of Fernandez's attacks on the earlier judgments, she
must hurdle the applicable statutes of limitation in each case as well as prove her
entitlement to prevail on the merits of her bills of review. Denial of the statutory
probate court judge's authority to transfer all of Fernandez's bills of review reopens the
inherent Pandora's box of potentially inconsistent results the Legislature sought to nail
shut in adopting section 5B of the probate code. 
         Although I would construe the Attorney General's brief as a petition for writ of
mandamus, I would decline the Attorney General's invitation to step back in time and
perpetuate the multiplicity of suits the Legislature intended to eliminate with its
"persistent expansion of statutory probate court jurisdiction over the years." See In
re Graham, 971 S.W.2d at 59-60. Accordingly, I would hold that bill-of-review
proceedings are subject to transfer by a statutory probate court judge in accordance
with the parameters set out in section 5B of the probate code. See Tex. Prob. Code
Ann. § 5B. 
 C. "Estate Pending" under the Probate Code
         The Attorney General argues that the statutory probate court judge had no
jurisdiction to transfer the bill-of-review proceedings because there was no "estate
pending" in front of the statutory probate court judge at the time of the challenged
transfers. Thus, the Attorney General contends that a bill of review does not reopen
a proceeding until it is granted. I agree that a statutory probate court judge's transfer
power under section 5B is predicated on an "estate pending" to which the transferred
case may attach. See Tex. Prob. Code Ann. § 5B. However, I note that section 3(l)
of the probate code defines "estate" as "the real and personal property of a decedent,
both as such property originally existed . . . and as diminished by any decreases
therein and distributions therefrom." Tex. Prob. Code Ann. § 3(l). Thus, "estate" is
not limited to a res subject to a probate proceeding, nor does a time limitation appear
in the definition. 
         Further, I am persuaded by limitations provisions in the probate code for
statutory bills of review and will contests. See Tex. Prob. Code Ann. §§ 31, 93. The
probate code "liberally" provides a number of alternative means to make direct attacks
on a will long after the proceeding probating the will is concluded. Ladehoff v.
Ladehoff, 436 S.W.2d 334, 337 (Tex. 1968). These statutory bills of review keep a
probate order voidable and subject to attack. Estate of Devitt, 758 S.W.2d 601, 606
(Tex. App.–Amarillo 1988, writ denied) (op. on reh'g) (citing Ladehoff, 436 S.W.2d
at 340). Accordingly, a bill-of-review challenge to the probate of a will is a part of the
same proceeding. In re Devitt, 758 S.W.2d at 606. "[P]robate court orders have long
been attacked after distribution of an estate, be it by way of statutory bill of review
or equitable bill of review." McDonald v. Carroll, 783 S.W.2d 286, 287 (Tex.
App.–Dallas 1989, writ denied). Any conclusion that a bill of review is not an "estate
pending" for purposes of section 5B's transfer powers "effectively eviscerate[s]"
section 5B in probate bills of review. See id. 
         Finally, I note that the Attorney General has not challenged appointment of the
statutory probate judge under section 5(b) of the probate code. See Tex. Prob. Code
Ann. § 5(b). In addition to the requirement in section 5B of an "estate pending" before
the transfer power conferred by section 5B may be exercised, assignment of a
statutory probate court judge in the first place only may occur in "contested probate
matters." Tex. Prob. Code Ann. § 5(b). Section 3(bb) defines the phrase "probate
matter" as including "a matter or proceeding relating to the estate of a decedent." 
Tex. Prob. Code Ann. § 3(bb). The words "contested probate matters" are intended
to include all matters in a probate proceeding where the pleadings on file demonstrate
that the parties to the suit have adopted adversary positions. Sivley v. Sivley,
972 S.W.2d 850, 856 (Tex. App.–Tyler 1998, no pet.) (citing Jackson v. Thompson,
610 S.W.2d 519, 522 (Tex. Civ. App.–Houston [1st Dist.] 1980, no writ)). The
Foundation's and Trust's answers challenge Fernandez's claims and raise affirmative
defenses, obviously positions adverse to Fernandez's. No party to this litigation has
suggested that Fernandez's bills of review are not "contested probate matters" for
purposes of assignment of a statutory probate judge. Indeed, a bill of review is a
"contested probate matter" under section 5(b). See Jackson, 610 S.W.2d at 522. 
I see no meaningful difference between a "matter or proceeding relating to the estate
of a decedent" in section 5(b) (as "probate matter" is defined) and the phrase "estate
pending" in section 5B. See Tex. Prob. Code Ann. §§ 3(bb), 5(b), 5B. Our
countenance of the Attorney General's argument would lead to usurpation of the
powers the Legislature conferred on assigned statutory probate court judges: "A judge
assigned under this section has the jurisdiction, powers, and duties given by Sections
5, 5A, 5B, 606, 607, and 608, Texas Probate Code, to statutory probate court judges
by general law." Tex. Gov't Code Ann. § 25.0022(i) (Vernon Supp. 2004). 
          The Legislature has expressed its preference in contested probate matters for
convenience and consistency over comity. We are required to interpret the statutes
before us in harmony with that intent. Fernandez filed bills of review attacking
judgments or orders of the Kenedy County Court apart from the district court bills of
review challenged here, including the probate of John G. Kenedy, Jr.'s will. The
Attorney General has not challenged the transfer of those proceedings to the statutory
probate court judge. I would hold that the consolidated Kenedy County Court bills of
review are both: (1) "contested probate matters" so as to permit assignment of a
statutory probate court judge; and (2) "pending estates" to which the statutory
probate court judge's transfer authority attached. See Tex. Prob. Code
Ann. §§ 5(b), 5B.  
D. Denial of Extraordinary Relief
          The supreme court has granted mandamus relief in reversing a statutory
probate court's section 5B transfer of a cause of action that was not appertaining to
or incident to an estate. In re SWEPI, L.P., 85 S.W.3d 800, 809 (Tex. 2002) (orig.
proceeding). The transfer at issue in In re SWEPI had interfered with the jurisdiction
of the other court, creating an exception to the general rule that incidental trial rulings
for which the relator has an adequate appellate remedy ordinarily are not reviewable
by mandamus. Id. at 808-09. However, in addition to the requirement that no
adequate remedy by appeal exists, mandamus is appropriate only when the record also
shows that the trial court clearly abused its discretion. In re Daisy Mfg. Co.,
17 S.W.3d 654, 658 (Tex. 2000) (orig. proceeding) (per curiam). A trial court abuses
its discretion in determining the legal principles that control its ruling if the court clearly
fails to correctly analyze or apply the law. Walker v. Packer, 827 S.W.2d 833, 840
(Tex. 1992) (orig. proceeding). For the reasons discussed above, I cannot say the
Attorney General has satisfied the onerous burden of demonstrating that the statutory
probate court judge clearly failed to analyze or apply the law correctly. See id. I
would not disturb the statutory probate court judge's exercise of discretion in
transferring the three bills of review at issue here. 

 V. CONCLUSION
         I concur in the dismissal for want of jurisdiction of the Attorney General's
attempted interlocutory appeal. I would deny Fernandez's motion to dismiss as moot. 
Construing the Attorney General's brief as a petition for writ of mandamus, I would
deny the requested relief. 
                                                                        ERRLINDA CASTILLO
                                                                        Justice


Concurring and Dissenting Opinion delivered and filed 
this 16th day of June, 2004.