In The



Court of Appeals



Ninth District of Texas at Beaumont


____________________



NO. 09-08-204 CV


____________________



IN THE ESTATE OF EMERY DANIELLE BOWIE


 




On Appeal from the County Court


Jefferson County, Texas


Trial Cause No. 95,264






MEMORANDUM OPINION



 This is an appeal from the constitutional county court's order denying Peggy Bowie's
motion requesting transfer pursuant to section 5(b) of the Texas Probate Code. See Tex.
Prob. Code Ann. § 5(b) (Vernon Supp. 2008). In two issues, Peggy Bowie contends the
trial court erred by denying her motion to transfer, and that the trial court's finding that she
is not a creditor of the estate is against the great weight and preponderance of the evidence. 
We reverse and remand.

Background


 The decedent's surviving spouse, Sharecka Bowie, filed an application for
administration and heirship in the county court. In her application, Sharecka stated that the
decedent died without a will, and that he had one child, C.I.B. Sharecka further stated that
the decedent's parents were Peggy Bowie and Jimmie Ray Bowie, and that the decedent also
had three surviving siblings. Sharecka's application indicated that she and C.I.B. were the
decedent's only heirs, and that administration was needed to administer the estate's property
as well as litigation styled Carnikka Thomas as Next Friend of [C.I.B.] v. Standard
Constructors, Inc., which was filed in the 136th District Court of Jefferson County, Texas. 
Without having been served with a copy of the application, Peggy filed an answer to
Sharecka's application, in which she requested appointment as administrator and contended
that Sharecka was "disqualified" and "unsuitable" to serve as administrator. (1)

 Sharecka filed an objection to Peggy's answer, in which she argued that Peggy was
not an heir under the laws of intestate succession and therefore lacked standing "to either file
an answer or seek to be appointed as the Independent Administrator in this matter, over and
above the surviving wife. . . ." See Tex. Prob. Code Ann. § 38(b) (Vernon 2003) (When
an intestate person dies leaving a surviving spouse and a child, the surviving spouse takes
one-third of the personal estate, and the balance of the personal estate passes to the
decedent's child or his descendants. The surviving spouse is entitled to a life estate in one-third of the decedent's land, with the remainder of the land passing to the decedent's child
and his descendants.). In her response, Sharecka argued that section 76 of the Texas Probate
Code only permits an interested person to serve as administrator of an estate, and that the
person's interest must be a pecuniary one that will be affected by the probate. See Tex.
Prob. Code Ann. § 76(c) (Vernon 2003). Sharecka asserted that Peggy did not have a
pecuniary interest in the estate, and that under section 77(b) of the Texas Probate Code, the
surviving spouse is "first in line in priorities to be appointed the Administrator[.]" See id.
§ 77(b). In addition, Sharecka contended that Peggy was "unsuitable" to serve because
Peggy sought appointment as administrator "to get a better position to pursue legal fees based
on a corresponding personal injury lawsuit with respect to Emery Danielle Bowie, Deceased,
and is not seeking appointment in the best interest of the Estate." See id. § 78(e). Sharecka
therefore maintained that Peggy lacked standing to request appointment as executor and to
oppose Sharecka's appointment as administrator. Sharecka also filed a motion to dismiss
Peggy, in which she asserted that Peggy lacked standing because Peggy was not an heir, was
not entitled to a distribution under the estate, and was not an "interested person" as required
by the Texas Probate Code.

 Peggy filed a response to the motion to dismiss, in which she asserted that she was a
creditor of the estate because she had paid funeral expenses and had advanced funds to the
decedent during his lifetime. Peggy then filed a "Motion Requesting Assignment Pursuant
to Texas Probate Code, Rule 5," in which she contended that the county court must transfer
the case to the county court at law, since her pleadings challenging Sharecka's qualifications
to serve as administrator made the case a contested probate. See Tex. Prob. Code 
Ann. § 5(b). In response to Peggy's motion, Sharecka asserted that Peggy was not a party
and lacked standing to bring the motion. After hearing the arguments of counsel at two
hearings, the county court denied Peggy's motion on March 5, 2008. On the same date, the
trial court also entered orders that appointed Sharecka as administrator and granted
Sharecka's motion to dismiss Peggy. Peggy then filed this appeal, in which she contends the
trial court erred by refusing to assign the case to the county court at law, and that the trial
court's finding that she is not a creditor of the estate is against the great weight and
preponderance of the evidence.

Analysis


 Because Peggy's motion to transfer involves construction or interpretation of section
5(b) of the Texas Probate Code, which is a question of law, we apply a de novo standard of
review. See Tex. Dep't of Transp. v. Needham, 82 S.W.3d 314, 318 (Tex. 2002); Johnson
v. City of Fort Worth, 774 S.W.2d 653, 656 (Tex. 1989); see also Tex. Prob. Code
Ann. § 5(b). Section 10 of the Texas Probate Code provides as follows: "Any person
interested in an estate may, at any time before any issue in any proceeding is decided upon
by the court, file opposition thereto in writing and shall be entitled to process for witnesses
and evidence, and to be heard upon such opposition, as in other suits." Tex. Prob. Code
Ann. § 10 (Vernon 2003). The Texas Probate Code defines "persons interested" as "heirs,
devisees, spouses, creditors, or any others having a property right in, or claim against, the
estate being administered[.]" Tex. Prob. Code Ann. § 3(r) (Vernon Supp. 2008). Section
5(b) of the Texas Probate Code provides as follows: "In contested probate matters, the judge
of the county court . . . shall on the motion of any party to the proceeding, according to the
motion: (1) request the assignment of a statutory probate court judge to hear the contested
portion of the proceeding. . . ." Id. § 5(b). Texas courts have defined "contested probate
matters" to include all matters in which the pleadings on file demonstrate that the parties to
the suit have adopted adversary positions. Sivley v. Sivley, 972 S.W.2d 850, 856 (Tex. App.--Tyler 1998, no pet.) (citing Jackson v. Thompson, 610 S.W.2d 519, 522 (Tex. Civ. App.--Houston [1st Dist.] 1980, no writ)).

 As previously discussed, Peggy Bowie had filed an application to be appointed
temporary administrator, as well as an "answer," in which she objected to Sharecka's
appointment as administrator and asserted that Sharecka was unqualified to serve. In
addition, Peggy later filed a pleading in which she claimed to be a creditor of the estate for
funeral expenses and money advanced to the deceased during his lifetime. Although Peggy
titled her objection to Sharecka's appointment an "answer," courts are to examine the
substance of the relief requested in the pleading, and the title assigned to the pleading is not
determinative. See Tex. R. Civ. P. 45 ("All pleadings shall be construed so as to do
substantial justice."); Tex. R. Civ. P. 71 ("When a party has mistakenly designated any plea
or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been
properly designated.); Surgitek v. Abel, 997 S.W.2d 598, 601 (Tex. 1999); State Bar of Tex.
v. Heard, 603 S.W.2d 829, 833 (Tex. 1980) (A court looks to the substance, not merely the
title, to determine the nature of a pleading.). Therefore, we find that Peggy's pleadings were
sufficient to constitute an assertion of her interest as a creditor as well as her objection to
Sharecka's appointment as administrator, and that Peggy's pleadings made the proceeding
a contested matter. See Tex. Prob. Code Ann. § 10; Sivley, 972 S.W.2d at 856. Likewise,
we find that Peggy's pleadings were sufficient to make her a "party" to the proceeding as
required by section 5(b). See Tex. Prob. Code Ann. § 5(b); Heard, 603 S.W.2d at 833. The
trial court erred by denying Peggy's request to assign the contested matter to the county court
at law. (2) We sustain issue one. We need not address issue two, as it would not result in
greater relief. See Tex. R. App. P. 47.1. Accordingly, we reverse the trial court's orders of
March 5, 2008, and we remand this cause for further proceedings consistent with this
opinion.

 REVERSED AND REMANDED.

 

 STEVE McKEITHEN

 Chief Justice

Submitted on October 15, 2008

Opinion Delivered November 6, 2008

Before McKeithen, C.J., Gaultney and Horton, JJ.
1. Peggy had previously filed an application for temporary administration, in which she
requested appointment as temporary administratrix. The trial court initially entered an order
appointing Peggy temporary administratrix, but subsequently entered an order rescinding the
appointment due to Peggy's failure to qualify as temporary administratrix.
2. We express no opinion regarding the merits of any of the claims and assertions made
by Peggy Bowie in the trial court, including Sharecka's qualifications to serve as
administrator, Peggy's request to be appointed administrator, or Peggy's claim to be a
creditor of the estate.